IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No 2:15-cv-0506-RDP |
| ) | |
| TERRENCE P. COLLINGSWORTH, et al., ) | |
| ) | |
| Defendants. ) | |

**CONRAD & SCHERER'S PARTIAL OPPOSITION TO DRUMMOND'S MOTION FOR SANCTIONS AND ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS OTERO AND VAN BILDERBEEK**

Conrad & Scherer, LLP and Willim R. Scherer, Jr. (together, "C&S") partially oppose Drummond's motion seeking sanctions and the entry of default judgment against Defendants Ivan Otero and Albert van Bilderbeek. C&S objects to the extent that Drummond's motion would impermissibly punish C&S for alleged discovery violations by Otero and van Bilderbeek. Drummond requests that the Court prohibit Otero and van Bilderbeek from offering testimony "in support of ***any defense*** presented by ***any Defendant***" in this case or the *Defamation* case. Doc. 265, at 7 (emphasis added). C&S takes no position on whether default judgment or an order prohibiting Otero or van Bilderbeek from testifying in support of their own defense is justified under the circumstances. But there is no basis for this Court to preclude C&S from calling Otero or van Bilderbeek as witnesses in C&S's own defense. Drummond's overbroad request for relief must be denied at least to that extent.

1

**ARGUMENT**

In its motion, Drummond purports to seek sanctions, including the entry of default judgment, against defendants Otero and van Bilderbeek based on, Drummond argues, their willful failures to comply with this Court's order dated September 26, 2023 (Doc. 252). Drummond's motion is specifically directed to Otero and van Bilderbeek and their alleged failure to comply with their discovery obligations. It does not assert deficiencies by C&S nor claim that C&S is responsible for Otero and van Bilderbeek's failings. Yet Drummond asks the Court to prohibit Otero and van Bilderbeek from offering testimony at trial, not only in their own defense but "in support of *any defense* presented by *any Defendant*," citing Federal Rule of Civil Procedure 37(b)(2)(A)(ii). Doc. 265, at 7 (emphasis added). Drummond's request is impermissibly overbroad and must be denied.

By its terms, Federal Rule of Procedure 37(b)(2) empowers the Court to sanction a party for its own failure to participate in discovery. Subsection (b)(2)(A)(ii) permits the Court to enter an order "prohibiting *the disobedient party* from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." (emphasis added). This rule may justify the Court prohibiting Otero and van Bilderbeek—the allegedly disobedient parties—from testifying or introducing evidence in support of their own defense in the trial of this case.[1] Drummond's request that Otero and van Bilderbeek be barred from testifying for any defendant at trial, however, would impermissibly sanction not only Otero and van Bilderbeek but also C&S by prohibiting it from potentially calling Otero or van Bilderbeek as witnesses in its own defense.

---

[1] Of course, that prohibition would be unnecessary if the Court grants Drummond's request for a default judgment against Otero and van Bilderbeek. An entry of default judgment—"the most awesome weapon in the Rule 37 arsenal"—is the most severe sanction that the Court can impose. *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). If the Court were to enter default judgment against Otero or van Bilderbeek, there would not be any defenses for them to support at trial.

Nothing in Rule 37 permits punishing C&S in this way. C&S is not a "disobedient party." C&S has responded to discovery requests in good faith and complied with all court-ordered discovery obligations directed to it.[2] There is no allegation that C&S is somehow responsible for the alleged failures of Otero and van Bilderbeek. Courts have recognized "the general rule that 'one party to litigation will not be subjected to those sanctions because of the failure of another to comply with discovery, absent a showing that the other party controlled the actions of the non-complying party.'" *Patton v. Aerojet Ordnance Co.*, 765 F.3d 604, 606 (6th Cir. 1985) (quoting *De Letelier v. Republic of Chile*, 748 F.3d 790, 795 n.2 (2d Cir. 1984)); *see also Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008) (holding that the district court could not deem facts established against a defendant who did not disobey a court order); *Bon Air Hotel v. Time, Inc.*, 376 F.2d 118, 121 (5th Cir. 1967) (reversing sanctions issued against a party when the disobedience was outside the party's control); *Sines v. Kessler*, 3:17-CV-00072, 2021 WL 4314590, at *7 (W.D. Va. Sept. 22, 2021) (tailoring sanctions to limit "spillover" effect on other defendants that did not disobey a discovery order); *Remington Prods. v. N. Am. Philips Corp.*, 107 F.R.D. 642, 655–57 (D. Conn. 1985) (sanction should be designed to avoid adversely affecting non-disobedient parties).

Preventing C&S from calling Otero and van Bilderbeek as witnesses at trial would violate principles of due process by unjustly punishing C&S for the misconduct of others. The Court's broad discretion to impose Rule 37 sanctions is governed by "the most fundamental safeguard of fairness: the Due Process Clause of the Fifth Amendment." *See Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982)); *see also Logan v. Zimmerman Brush Co.*, 455

---

[2] C&S's participation and compliance forecloses any argument based on the Court's inherent authority, because the "key to unlocking a court's inherent power is a finding of bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017); *id.* ("The [inherent-power] standard is a subjective standard with a narrow exception for conduct tantamount to bad faith."). Drummond does not claim any bad faith by C&S.

U.S. 422, 429 (1982) ("[T]he Due Process Clause protect civil litigants who seek recourse in the courts."). "To comply with the Due Process Clause, a court must impose sanctions that are both 'just' and 'specifically related to the particular "claim" which was at issue in the order to provide discovery.'" *Serra Chevrolet*, 446 F.3d at 1147. The right to present evidence and call witnesses "is basic to a fair hearing." *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Drummond and C&S identified Otero and van Bilderbeek as potential witnesses in their Rule 26(a) initial disclosures, and both individuals played key roles in the events at issue in these cases. *See, e.g.*, Doc. 194 (Drummond's Motion to Compel Against Otero), at 3, 6 ("Otero played a central role in the scheme alleged in this RICO case" and is "at the epicenter of a witness bribery scheme and smear campaign that has caused Drummond millions of dollars in damages"); Doc. 195 (Drummond's Motion to Compel against van Bilderbeek), at 3-4 (describing van Bilderbeek's alleged role in witness payments and media campaigns against Drummond). Granting Drummond's motion would violate C&S's due process rights by unjustly preventing it from presenting evidence from these witnesses at trial based on no fault of its own.

Moreover, there is no need for the impermissible sanction that Drummond seeks. As noted above, if the Court enters a default judgment against Otero or van Bilderbeek, there will be no defenses for them to support with testimony at trial. If the Court finds a lesser sanction than default judgment appropriate, it could fashion appropriate limitations on their testimony, including through limiting jury instructions, that fulfills the purposes of any sanctions order without punishing C&S. And of course, if C&S or another defendant called Otero or van Bilderbeek to testify, Drummond would have the full opportunity to cross examine and impeach them based on their refusal to participate in discovery as well as the thousands of documents C&S has produced

4

reflecting communications with, or information about, these witnesses. There is simply no basis for preventing these witnesses from testifying at trial altogether.[3]

## CONCLUSION

Drummond bases its motion on alleged misconduct by two specific defendants, yet it seeks a drastic remedy that would unjustifiably punish all defendants. Drummond's request for an order prohibiting Otero and van Bilderbeek from offering testimony at trial "in support of *any defense* presented by *any Defendant*" runs afoul of Rule 37, the Court's inherent power, and basic due process rights. If the Court ultimately finds that sanctions against Otero or van Bilderbeek are warranted, it must carefully tailor those sanctions to avoid unjustly and impermissibly punishing C&S and the other non-disobedient defendants.

DATE: November 30, 2023

                                      Respectfully submitted,

                                      s/ *William T. Paulk*
                                      Robert K. Spotswood
                                      Michael T. Sansbury
                                      William T. Paulk
                                      SPOTSWOOD SANSOM & SANSBURY LLC
                                      505 20th Street North, Suite 700
                                      Birmingham, AL 35203
                                      Phone (205) 986-3620
                                      Fax (205) 986-3639
                                      rks@spotswood.com
                                      msansbury@spotswood.com
                                      wpaulk@spotswood.com

                                      *Attorneys for Conrad & Scherer, LLP and William R. Scherer, Jr.*

---

[3] Consider, for instance, a multi-defendant federal criminal case in which one of the defendants is convicted yet still permitted to testify at trial, either for the government or another defendant. If a federal criminal conviction—with the attendant loss of constitutional rights like the right to vote and carry a gun—does not preclude a defendant from testifying at trial, then neither should a discovery sanction in a civil case.

5

## **CERTIFICATE OF SERVICE**

I certify that on November 30, 2023, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record and all *pro se* parties.

s/ *William T. Paulk*  
William T. Paulk