IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| DRUMMOND COMPANY, INC., et al.<br><br>v.<br><br>TERRENCE P. COLLINGSWORTH, et al. | )<br>)<br>)<br>)<br>)  Case No. 2:15-cv-0506-RDP<br>)<br>)<br>)<br>)<br>)<br>) |

**DRUMMOND'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS OTERO AND VAN BILDERBEEK**

COME NOW the Plaintiffs Drummond Company, Inc. and Drummond Ltd. (collectively "Drummond") and pursuant to this Court's Order (Doc. 271) file this reply brief in support of Drummond's motion for entry of default judgment against Defendants Ivan Otero ("Otero") and Albert van Bilderbeek ("Van Bilderbeek") (collectively "Defendants").

**SUMMARY OF THE ARGUMENT**

Despite being ordered to do so, and despite this Court's repeated warnings that failure to comply with the Federal Rules and this Court's order may result in sanctions, Otero and Van Bilderbeek have not produced documents, interrogatory responses, or a privilege log. It is clear that neither Defendant will abide by the Federal Rules of Civil Procedure or comply with this Court's order. A default judgment against both Defendants is the proper remedy under these circumstances.

1

## ARGUMENT

I. **OTERO'S OPPOSITION IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY MERITLESS.**

**A. Otero's "declaration" should be stricken.**

Terry Collingsworth filed Otero's opposition, but Collingsworth has not appeared for and does not represent Ivan Otero.[1] Simply put, Collingsworth does not have the legal authority to file anything on Otero's behalf, and Otero's opposition should be stricken for this reason alone. N.D. Ala. Local Rule 83.1(d); *see also Paschal v. McHugh*, No. CV-12-S-2985-NE, 2015 WL 3836965, at *2 (N.D. Ala. June 22, 2015), *aff'd sub nom. Paschal v. Sec'y of the Army*, 648 F. App'x 898 (11th Cir. 2016).

The legitimacy of Otero's opposition—which is purportedly in the form of a sworn declaration—is also questionable for several reasons. Doc. 272. For example, the declaration is ostensibly signed (electronically) by "Ivan M. Otero." Doc. 272 at 3. As his prior declarations reflect, Otero's name is "Ivan Otero Mendoza." Doc. 46-1 (Dec. 30, 2015 Otero Decl.); Doc. 52-2 (Feb. 18, 2016 Otero Decl.). Otero's declaration also states "I have not been charged with any crime in Colombia," Doc. 272, ¶ 8, which is false. Otero has been charged with "aggravated swindling" under the Colombian Criminal Code. Ex. 1 (Cadavid Decl.) ¶ 13. These basic factual inconsistencies raise serious concerns about the authenticity of Otero's "declaration."

Furthermore, Collingsworth only filed an English copy of Otero's declaration. Doc. 272. Otero has repeatedly testified in prior declarations that he does not speak

---

[1] Collingsworth appeared *pro hac vice* as counsel for IRAdvocates, *see* Docs. 78 & 79, but not Ivan Otero.

English.  *See, e.g.,* Doc. 46-1; Doc. 208-4.  For Otero's declaration to be properly considered, there must be a Spanish version with his actual signature on it.  *See Huang v. J & A Entertainment, Inc.*, 2010 WL 2670703, at *1 (E.D.N.Y. June 29, 2010) (explaining previous ruling that declaration by witness who spoke only Chinese must be submitted in Chinese, accompanied by certified translation into English).[2]

### B. Otero's opposition is meritless.

Otero first contends that he has "provided partial responses [to Drummond's discovery requests] that I thought were reasonable in light of the fact that most of the requests were duplicative of requests that had been made to my co-Defendants, Conrad & Scherer and Terrence P. Collingsworth.  For example, Drummond wanted me to produce all my communications with my co-Defendants when those had been produced to Drummond by them. Drummond refused to accept any compromise." Doc. 272, ¶ 2.  Drummond already addressed this "duplicative" argument in its motion to compel and explained why Otero is wrong both generally and under the law of this case.  Doc. 194, § II-A.  And Drummond addressed it once again in its reply brief after Otero pressed the issue.  Doc. 232 at 3-4.  More importantly, this Court rejected this argument in granting Drummond's motion to compel.  Doc. 252.

---

[2] Some courts have admitted English declarations made by non-English speaking declarants. *See, e.g.*, *Ahn v. Hanil Development, Inc.*, 471 F. App'x 615, 618–19 (9th Cir. 2012).  Notably, the declarant in *Ahn* "explained that he could read at least 'easy' English and that he consulted with his lawyers before signing any English-language documents he did not fully understand." *Id.* at 619.  Otero does not speak English, and unlike his prior declarations, there is no statement in his current declaration that he reviewed a Spanish version of it.  *Compare* Doc. 272 (Nov. 30, 2023 Otero Decl.) *with* Doc. 46-1 (Dec. 30, 2015 Otero Decl.) ("I am a Spanish-speaker and do not speak English.  I provided the facts herein in Spanish and this declaration was prepared in English and translated for me.").

3

Otero also claims that responding to Drummond's discovery requests would be "incredibly burdensome" because he has "a small office" and is a "solo practitioner." Doc. 272, ¶ 1. Otero's suggestion that he is incapable of complying with the Federal Rules of Civil Procedure and this Court's orders cannot be squared with the fact that he has been intimately involved in complex litigation in U.S. courts for more than a decade (and has contingency fee interests in those cases). Doc. 265 at 5-6. Regardless, Otero waived all objections, including any objection based on purported burden. Doc. 252.

Otero's primary argument is that "most of Drummond's requests to me are in violation of the law of Colombia" because they would purportedly allow Drummond "to seize and inspect my cell phone and computer." Doc. 272, ¶¶ 3 & 6. Otero is wrong on the facts and the law.

Drummond never asked for unfettered access to Otero's cell phone and computer. Rather, "Drummond respectfully request[ed] that Otero and Ramirez be ordered to provide forensic images of their email accounts, cell phones, and other electronic devices ***to be searched by a third-party e-discovery vendor***." Doc. 232 at 5 (emphasis added). Drummond also submitted proposed search terms that would capture documents relevant to this case. Doc. 194-22 (Otero search terms). Otero's Colombian law argument is therefore a *non-sequitur* because it is premised on a demand that Drummond never made.

Otero nevertheless claims that, if he consented to such a search, he "would be violating the law of Colombia by allowing private matters of ***my clients*** to be

examined by Drummond." Doc. 272, ¶ 7 (emphasis added).  Even if Drummond were the entity "examining" Otero's cell phone and computer (and it would not be as explained above), this argument is still unavailing.  Drummond provided specific search terms, Doc. 194-22, and Otero does not claim in his declaration to represent any of the individuals included in those search terms.  Moreover, and as this Court previously recognized, "The story keeps changing as to whether or not Otero represented any witness in the civil case at the time he was paid $80,000 and promised a contingency fee in *Balcero*. … While these earlier statements indicate that Otero does in fact represent the former paramilitaries, Defendants now contend that those statements were mistaken." *Defamation* Doc. 417 (Crime-Fraud Op.) at 29-30.

Otero's argument is also legally incorrect.  As explained in the declaration of Ms. Paula Cadavid, requiring Otero to produce documents does not violate Colombian law.  Ex. 1 (Cadavid Decl.).

Finally, assuming arguendo that Otero's opposition were procedurally proper (it is not), and further assuming that his arguments regarding Colombian law had factual or legal merit (they have neither), Otero waived this argument.  Otero never raised any timely objections to Drummond's discovery requests, much less a specific objection based on Colombian law.  Doc. 252 at 5 ("[B]ecause no timely objections were served, the 'process' is simply for these defendants to produce the documents subject to the requests for production that were served and the information that is responsive to the interrogatories that were served.").  Nor did Otero raise any Colombian law

argument in response to Drummond's motion to compel. *See generally* Doc. 208. Otero's attempt to raise this argument comes too late.[3]

## II. VAN BILDERBEEK FAILED TO COMPLY WITH THIS COURT'S ORDER.

Van Bilderbeek's opposition contains one substantive argument—that he offered to make available for Drummond's review "all the Swiss bank statements kept in safe keeping in Zurich, but also any et all documents, inclusive emails for Drummond's review and perusal. The offered venue is Zurich, Switzerland."[4]

Drummond already addressed this argument in its motion to compel. Doc. 195 at 11-12. *See also Vaughan Co. v. Glob. Bio-Fuels Tech., LLC*, No. 1:12-CV-1292 DNH/RFT, 2014 WL 3477253, at *7 (N.D.N.Y. July 11, 2014) ("In terms of inspection and/or production of documents, requiring an adversary to travel outside of this district to complete either of these tasks is unreasonable and will not be sanctioned. Considering the advances in technology that have enhanced the production of massive quantities of documents, relevant documents can easily be transmitted in

---

[3] Otero's opposition concludes with a request that, if there is a default judgment entered against him, the Court "make clear" that it is a final order so that Otero can "immediately appeal" that ruling and this Court's prior ruling denying his motion to dismiss for lack of personal jurisdiction. Doc. 272, ¶ 10. This Court should deny Otero's request, which is a transparent attempt to manufacture an interlocutory appeal to further delay this case. Indeed, Otero previously requested that he be permitted to file an interlocutory appeal regarding personal jurisdiction, Doc. 52 at 13, which this Court did not entertain. Otero may appeal a Rule 37 sanctions ruling after final judgment is entered in this case. *See D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1445 (10th Cir. 1984) (default judgment discovery sanction not subject to immediate appeal); *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999); *Blair v. Amps Staffing, Inc.*, 2022 WL 16757096, at *1 (11th Cir. Sept. 20, 2022); *Whitesell Corp. v. Electrolux Home Products, Inc.*, 2019 WL 3886916, at *1 (11th Cir. July 19, 2019).

[4] Van Bilderbeek submitted his opposition via email but did not file it with the Court, and therefore there is no docket entry number associated with this email submission. His opposition does not address, much less attempt to excuse, his complete failure to respond to Drummond's Interrogatories or produce a privilege log, which this Court ordered him to do. Doc. 252 at 5.

some agreed upon electronic format."); Fed. R. Civ. P. 1 ("These rules … should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").[5] Van Bilderbeek never responded to or otherwise opposed Drummond's motion, despite representing to the Court that he would do so. Doc. 252 at 3.

This Court's order granting Drummond's motion to compel clearly states that "Van Bilderbeek SHALL serve (1) full, sworn responses to Drummond's interrogatories, (2) produce documents responsive to Drummond's requests for production, and (3) produce a privilege log." *Id.* at 5. Van Bilderbeek failed to do so, and a default judgment is the appropriate remedy.

### III.   Conrad & Scherer, LLP's ("C&S") Opposition

C&S "takes no position" on whether a default judgment is appropriate. Doc. 273 at 1. C&S contends, however, that a sanction prohibiting Van Bilderbeek and Otero from testifying at trial would impermissibly infringe on C&S's ability to "call[] Otero or van Bilderbeek as witnesses in C&S's own defense." *Id.* In other words, C&S's claims that, even if Otero and Van Bilderbeek have default judgments entered

---

[5] Drummond also notes that its Requests for Production to Van Bilderbeek instructed that "all documents should be produced in their complete and native form, including any and all metadata associated with each such document." Doc. 195-2 (Drummond's RFPs to Van Bilderbeek) Instruction No. 2. In other words, emails and other documents maintained in electronic format should be produced electronically, which is consistent with Fed. R. Civ. P. 34(b)(2)(E). As this Court already held, Van Bilderbeek waived his objections to Drummond's requests for production. Doc. 252 at 5. Notably, Van Bilderbeek previously produced some documents to Drummond in electronic format. Doc. 195 at 4-5. His refusal to comply with this Court's order and do so now further demonstrates his bad faith.

7

against them for failing to participate in discovery and comply with this Court's order, C&S should nonetheless be allowed to call them as witnesses at trial.[6]

As an initial matter, C&S is improperly adding a limitation on this Court's sanction power, namely, that the "disobedient party" can purportedly only be precluded from supporting "its own" defenses. Doc. 273 at 1. Rule 37(b)(2)(A)(ii) says no such thing, but rather allows federal district courts to "prohibit[] the disobedient party from supporting or opposing *designated* claims or defenses, or from introducing *designated* matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii) (emphasis added).[7]

Moreover, and as C&S points out, "both [Otero and Van Bilderbeek] played key roles in the events at issue in these cases." Doc. 273 at 4. They were indisputably involved in hundreds of thousands of dollars in witness payments, were integral members of the Enterprise, and were listed as potential witnesses both Drummond and C&S's Rule 26 Initial Disclosures. Any prejudice C&S may suffer by not having the ability to call Otero and Van Bidlerbeek as witnesses at trial would be far outweighed by the severe prejudice Drummond would suffer if Otero and Van

---

[6] C&S's position is not entirely clear on this point, as its opposition also confusingly states that there is "no need" for a sanction preventing Otero and Van Bilderbeek from testifying at trial if this Court enters a default judgment against them because "there will be no defenses for them to support with testimony at trial." Doc. 273 at 4.

[7] The cases cited by C&S are not to the contrary, as most involve situations in which a party was totally prevented from presenting its claims or defenses due to circumstances outside its control. *See Bon Air Hotel v. Time, Inc.*, 376 F.2d 118 (5th Cir. 1967) (overturning a sanction dismissal where the plaintiff, despite its good faith efforts, was unable to locate and produce a former executive for deposition pursuant to a court order); *Peltz v. Moretti*, 292 F. App'x 475 (6th Cir. 2008) (reversing sanction of deeming facts admitted which was "equivalent to a grant of default judgment under Rule 37(b)(2)(C)" against another defendant who did not violate a discovery order). Other cases C&S cites are simply inapplicable. *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604 (6th Cir. 1985) (overturning a dismissal sanction because the district court failed to adequately articulate the basis for its sanction ruling).

Bilderbeek are permitted to voluntarily show up at trial and offer testimony in support of other Defendants after having willfully refused to participate in discovery and comply with this Court's order to respond to interrogatories, produce documents, and produce a privilege log. This is the exact type of trial by ambush the discovery rules are meant to prevent.

In any event, this Court is not required to decide now the exact contours of an appropriate sanction under Rule 37(b)(2)(A)(ii). If they do have default judgments entered against them, Van Bilderbeek and Otero may have no interest in voluntarily appearing at trial, which would moot this issue. Or the parties may elect not to call either Otero or Van Bidlerbeek as witnesses, which would also moot this issue. In light of these uncertainties, and to the extent this Court has reservations regarding the extent of an appropriate sanction under Rule 37(b)(2)(A)(ii), Drummond respectfully submits the most efficient path is to defer ruling on this narrow aspect (i.e., whether to impose sanctions under Rule 37(b)(2)(A)(ii)) of Drummond's motion until pretrial motions are filed and argued with the Court, and the issues for trial have crystalized.

WHEREFORE, Drummond respectfully requests that the Court grant its Motion for Sanctions and Entry of Default Judgment Against Defendants Otero and Van Bilderbeek (Doc. 265).

DATED: December 8, 2023.

                                      Respectfully submitted,

*s/ Benjamin T. Presley*
William Anthony Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099
wad@starneslaw.com
htw@starneslaw.com
btp@starneslaw.com

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

## CERTIFICATE OF SERVICE

  I hereby certify that on December 8, 2023, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record. In addition, a copy of this filing was sent, via electronic mail, to the following:

Albert Van Bilderbeek
albert@vanbilderbeek.com

Ivan Otero
oteromivan@hotmail.com

                *s/ Benjamin T. Presley*
                Benjamin T. Presley