UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRUMMOND COMPANY, INC., et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | **Case No.: 2:15-CV-506-RDP** |
| } | |
| **TERRENCE P. COLLINGSWORTH, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFAULT JUDGMENT ON LIABILITY

This matter is before the court on Drummond's Motion for Sanctions and Entry of Default Judgment Against Individual Defendants Ivan Alfredo Otero Mendoza ("Otero") and Albert van Bilderbeek ("van Bilderbeek"). (Doc. # 265). A Declaration in Response to the Motion was filed by Defendant Terrence Collingsworth on behalf of Otero. (Doc. # 272). Conrad & Scherer ("C&S") filed a Partial Opposition to the Motion in which it took no position on "whether default judgment or an order prohibiting Otero or van Bilderbeek from testifying in support of their own defense is justified," but opposed the Motions to the extent it seeks to "preclude C&S from calling Otero or van Bilderbeek as witnesses in C&S's own defense." (Doc. # 273). Drummond has filed a Reply in Support of its Motion. (Doc. # 274).

It its Reply, Drummond notes that van Bilderbeek emailed an opposition to the Motion for Sanctions and Entry of Default. (Doc. # 274 at 6 & n.4). The court has not seen this response because van Bilderbeek neither filed it with the court nor sent a copy of the response to the court via email or otherwise. Therefore, van Bilderbeek's response is in effect a nullity.

For the reasons discussed below, Drummond's Motion is due to be granted in part and denied in part.

## I. Background

This case was filed over nine years ago, on March 27, 2015. (Doc. # 1). The Complaint alleges (1) violations of RICO, 18 U.S.C. § 1962(c) (Count I), (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d) (Count II), (3) willful and/or reckless misrepresentation in violation of Alabama Code § 6-5-101 (1975) (Count III), (4) fraudulent concealment/suppression of material facts in violation of Alabama Code § 6-5-102 (1975) (Count IV), and (5) civil conspiracy (Count V). (Doc. # 1-1).

In the Complaint, Plaintiffs allege that Defendants paid hundreds of thousands of dollars to witnesses (who they contend are former terrorists and murderers) in order to procure "testimony," which was contrary to Drummond's interests and favorable to their clients, in three underlying, fraudulently filed lawsuits against Drummond.[1] (Doc. # 1 at 1-7). Plaintiffs also allege that Defendants fraudulently concealed the existence of these payments and inducements in the underlying lawsuits. (*Id.*).

On December 30, 2015, Defendant Otero, a Columbian attorney, filed a Motion to Dismiss. (Doc. # 46). While Otero's Motion was pending, on April 15, 2016, Drummond served Interrogatories and Request for Production on Otero. (Doc. # 194-1). On May 27, 2016, Otero's counsel responded with a letter that generally objected to the discovery served on Otero and provided an informal, unsigned, and limited response to one of Drummond's interrogatories. (Doc.

---

[1] The underlying lawsuits are *Claudia Balcero, et al. v. Drummond Company, Inc., et al.*, 2:09-cv-1041-RDP (N.D. Ala.) ("*Balcero*"); *Baloco, et al. v. Drummond Company, Inc.*, 7:09-cv-00557-RDP (N.D. Ala.) ("*Baloco*"); and *Melo, et al. v. Drummond Company, Inc.*, 2:13-cv-00393-RDP (N.D. Ala.) ("*Melo*"). Both *Baloco* and *Balcero* resulted in dismissals in favor of Drummond, and both were affirmed by the Eleventh Circuit. (Doc. # 1 at 26). *Melo* remains pending, but is stayed pending the outcome of the Defamation case related to this case, *Drummond Company, Inc. v. Collingsworth, et al*, Case # 2:11-cv-3695-RDP.

# 194-2). On August 12, 2016, the court denied Otero's Motion to Dismiss. (Doc. # 91). On September 20, 2016, Drummond's counsel wrote to Otero's counsel and requested responses to the previously served Interrogatories and Request for Production. (Doc. # 194-4).

In May 2018, in the related Defamation action, Case No. 2:11-cv-03695-RDP, the Eleventh Circuit affirmed this court's decision holding that the crime-fraud exception could be applied to overcome Defendants Collingsworth's and C&S's claim of work product protection for materials related to lawsuits where Collingsworth and C&S served as counsel, despite the fact that their clients were innocent of any wrongdoing. (Case No. 2:11-cv-03695-RDP, Doc. # 509-1). On July 30, 2018, this court conducted a status conference and lifted the stay on discovery in both this case and the Defamation action. (Doc. # 148; Case No. 2:11-cv-03695-RDP, Doc. # 519).

In August and November 2018, Drummond followed up regarding Otero's responses to its previously served Interrogatories and Request for Production. (Docs. # 194-5, 194-6). On March 12, 2019, Otero's counsel served objections and unsigned responses to two of Drummond's interrogatories, together with other general objections. (Doc. # 194-3).

On August 1, 2018, Drummond served Interrogatories and Requests for Production on van Bilderbeek. (Doc. # 195-2). On December 7, 2018, after requesting and receiving several extensions of time, van Bilderbeek served responses to Drummond's Requests for Production. (Doc. # 195-3). Approximately three weeks prior to serving those responses, van Bilderbeek produced 1,022 pages of documents. (Doc. # 195 at 5). On or about July 3, 2019, van Bilderbeek made a supplemental production of approximately 50 pages of documents. (*Id*.). However, van Bilderbeek has never served any objections or responses to Drummond's interrogatories. (*Id*. at 6).

On May 5, 2023, Drummond filed motions to compel (1) Otero to respond to its discovery requests and appear for deposition, and (2) van Bilderbeek to respond to its discovery requests. (Docs. # 194, 195). On May 8, 2023, the court ordered that responses to those Motions be filed on or before June 2, 2023. (Doc. # 196). Counsel for Otero requested an extension of time, until June 9, 2023, to respond to the Motion, and the court granted his request for an extension. (Doc. # 203).

After the Motion to Compel directed at him was filed, the court heard from van Bilderbeek only once. In a May 10, 2023 letter, van Bilderbeek stated that he could not attend a video status conference scheduled by the court due to his travel schedule. (Doc. # 232-6). In that letter, he indicated that he would be submitting a response to the Motion to Compel. (*Id.*). No such response has ever been filed.

In September 2023, Otero produced a declaration regarding certain discovery efforts and produced limited documents consisting of "BBVA bank records as well as emails of Susana Tellez and Jarley Maya Sanchez." (*See* Docs. # 250, 251). However, Drummond asserts that Otero only produced monthly bank statements from 2011-13 (despite allegedly being involved in witness payments at least as early as March 2009 through at least the end of 2015), that he did not produce any documents related to wire transfers or other bank records, that the date range of his production was incomplete, and that he only produced four emails (from 2012). (Doc. # 265 at 2, n.1).

On September 26, 2023, the court granted Drummond's Motions to Compel and ordered Otero and van Bilderbeek to serve "(1) full, sworn responses to Drummond's interrogatories, (2) produce documents responsive to Drummond's requests for production, and (3) produce a privilege log" by "October 31, 2023." (Doc. # 252). The court explicitly warned that "**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, UP TO AND INCLUDING ENTRY OF DEFAULT.**" (*Id.*).

On October 30, 2023, the day before the deadline to comply with the court's September 26, 2023 Order on the motions to compel, Otero's counsel moved to withdraw stating that he was "not able to facilitate the compliance with the Court's [September 26, 2023] Order [] unilaterally or independently." (Doc. # 260).

Thus, after failing to comply with their discovery obligations under Federal Rules of Civil Procedures 33 and 34, and after being warned that failure to comply with the court's Order may result in sanctions up to and including entry of default judgment against them, neither Otero nor van Bilderbeek complied with the September 26, 2023 Order granting the Motions to Compel.

## II.   Standard of Review

Rule 37(b)(2) allows the court to enter a default judgment against a party if the party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(vi). A court may also impose sanctions for litigation misconduct under its inherent power. *Eagle Hosp. Physicians, LLC v. SRF Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). The court's inherent power derives from its need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Eagle Hosp. Physicians*, 561 F. 3d at 1306 (quotation marks and citation omitted).

"[T]he severe sanction of a . . . default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Because the entry of a default judgment is such a severe penalty, the Eleventh Circuit has held that the imposition of such sanctions requires "a willful or bad faith failure to obey a discovery order." *Malautea*, 987 F.2d at 1542; *see also United States v. Certain Real Property Located at Route 1, Bryant, Alabama*, 126 F.3d 1314, 1317 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions such as dismissal or entry of

default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'") (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).

Nonetheless, a court does not need to first impose lesser sanctions if those sanctions would be ineffective. *Malautea*, 987 F.2d at 1544; *see also Zow v. Regions Fin. Corp.*, 595 F. App'x. 887, 889 (11th Cir. 2014) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) ("if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion.")).

## III.  Analysis

### A.  Default Judgment Against Otero and van Bilderbeek is Appropriate

There can be no doubt that Defendants Otero and van Bilderbeek have obstructed Drummond's legitimate discovery efforts for years. As discussed above, Drummond worked informally to encourage Otero and van Bilderbeek to voluntarily comply with their discovery obligations. As this court has noted before, Otero "appear[ed] to be operating under a misconception about [his] role in this case." (Doc. # 211 at 5). Otero and Defendant Ramirez had filed a motion in which they stated that they "ha[d] up until this point been somewhat ancillary to the main thrust of this proceeding" and have "[n]ow [] been *asked* to participate in a more direct fashion." (Doc. # 207) (emphasis added). But Otero and van Bilderbeek "are and have always been parties (*i.e.*, named defendants) in this action." (Doc. # 211 at 5).

When Drummond's informal efforts to obtain discovery did not bear fruit, and with the close of discovery approaching, in May 2023, Drummond filed motions to compel to obtain overdue discovery responses from Otero and van Bilderbeek. (Docs. # 194, 195). On September 26, 2023, the court granted those motions and ordered Otero and van Bilderbeek to produce

discovery responses. (Doc. # 252). In that Order, the court warned Otero and van Bilderbeek that their failure to comply with the order may result in sanctions, up to and including entry of default. (*Id.*). Even in the face of this explicit threat of sanctions, including default, Otero and van Bilderbeek have continued to utterly shirk their discovery obligations.

Otero's and van Bilderbeek's disregard of their discovery obligations and this court's Orders, with full knowledge that sanctions for failing to comply may include entry of a default, "indicates a deliberateness, willfulness, and bad faith on the part of these Defendants not to defend this case and supports a default judgment against them both." *Jones v. Indus. One, Mobile, Inc.*, 2021 WL 4955905, at *3 (S.D. Ala. Oct. 8, 2021), *report and recommendation adopted*, 2021 WL 4955894 (S.D. Ala. Oct. 25, 2021). Otero and van Bilderbeek have "made plain that [they are] no respecter[s] of warnings of default judgment and that [they] will continue to ignore all court orders until default judgment is entered." *Am. Res. Ins. Co. v. Evoleno Co., LLC*, 2008 WL 4701350, at *3 (S.D. Ala. Oct. 23, 2008).

In response to Drummond's current Motion for Sanctions and Entry of Default Judgment, Defendant Collingsworth submitted what purports[2] to be a declaration electronically signed by Otero in which Otero essentially states that producing the information requested by Drummond

---

[2] As Drummond points out, there are a number of issues with the purported declaration:

the declaration is ostensibly signed (electronically) by "Ivan M. Otero." Doc. 272 at 3. As his prior declarations reflect, Otero's name is "Ivan Otero Mendoza." Doc. 46- 1 (Dec. 30, 2015 Otero Decl.); Doc. 52-2 (Feb. 18, 2016 Otero Decl.). Otero's declaration also states, "I have not been charged with any crime in Colombia," Doc. 272, ¶ 8, which is false. Otero has been charged with "aggravated swindling" under the Colombian Criminal Code. [Doc. 274-1] ¶ 13.

Furthermore, Collingsworth only filed an English copy of Otero's declaration. Doc. 272. Otero has repeatedly testified in prior declarations that he does not speak English. *See, e.g.*, Doc. 46-1; Doc. 208-4. For Otero's declaration to be properly considered, there must be a Spanish version with his actual signature on it. *See Huang v. J & A Entertainment, Inc.*, 2010 WL 2670703, at *1 (E.D.N.Y. June 29, 2010) (explaining previous ruling that declaration by witness who spoke only Chinese must be submitted in Chinese, accompanied by certified translation into English).

(Doc. # 274 at 2-3).

7

would have violated the laws of Colombia. (Doc. # 272). But, throughout this ordeal, Otero never timely made any such objection.

Federal Rule of Civil Procedure 34(b)(2)(A) requires that any objections be raised within 30 days. The Advisory Committee Notes to Rule 33 provide that "unstated or untimely grounds for objection ordinarily are waived." Fed. R. Civ. P. 33, Advisory Comm. Notes (1970 Amendments). "'A party who fails to file timely objections waives all objections, including those based on privilege or work product.'" *Third Party Verification, Inc. v. SignatureLink, Inc*., 2007 WL 1288361, at *3 (M.D. Fla. May 2, 2007) (citation omitted); *see also Scruggs v. Int'l Paper Co*., 278 F.R.D. 698, 700 n.4, 698 (S.D. Ga. 2012) ("[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (same); *Marx v. Kelly, Hart, & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (same). Therefore, Otero's failure to file timely objections constitutes a waiver.[3]

Otero's protestation that he is a solo practitioner and did not have time to participate in this litigation also rings hollow. Otero and van Bilderbeek were happy to participate in litigation against Drummond when prosecuting their clients' claims against Drummond. *See Collingsworth, et al. v. Drummond Company, Inc*., 2020 WL 2800612 (D.D.C. May 29, 2020); *Collingsworth, et al. v. Drummond Company, Inc*., 839 F. App'x 567 (D.C. Cir. 2021). van Bilderbeek's company, Llanos Oil, also sued Drummond in Florida federal court. *Llanos Oil Exploration Ltd. v. Drummond Company, Inc*., United States District Court for the Middle District of Florida, case No. 6:05-cv-00580-JADAB. And, Otero has been actively participating in and encouraging the

---

[3] Drummond also disputes the argument that producing the information requested by Drummond would have violated Colombian law. In support of its position, Drummond filed a declaration from another lawyer in Colombia contradicting Otero's assertion. (Doc. # 274-1). But, the court need not resolve those differences now because, in any event, Otero waived any objections to Drummond's requests regardless of their merit.

Colombian criminal prosecution of Drummond's executives. (Doc. # 237-1 at ¶ 5). Indeed, Otero represents civil parties seeking to recover a monetary judgment against Drummond's executives in conjunction with the Colombian criminal case. (*Id.*)

The court has no hesitation in finding that Otero and van Bilderbeek have shown a flagrant disregard and willful disobedience of discovery obligations and discovery orders sufficient to justify entry of default judgment against them. Therefore, Drummond's Motion will be granted to this extent.

**B.    The Requested Relief**

In its Motion, Drummond requests the following forms of relief: (1) an order prohibiting Otero and van Bilderbeek from offering testimony in support of any of Defendant's defenses in this case or the related Defamation case; (2) entry of a default judgment on liability against Otero and van Bilderbeek, with leave to later prove damages; and (3) an order requiring Otero and van Bilderbeek to pay Drummond's reasonable expenses, including attorneys' fees caused by their failure to participate in discovery. (Doc. # 265 at 7).

As the court concluded above, Drummond is entitled to a default judgment against Otero and van Bilderbeek, and Drummond's Motion will be granted to that extent. At an appropriate later date, the court will conduct an appropriate proceeding on damages.

As for Drummond's request for reasonable expenses, including attorneys' fees, the court believes this is also an issue for another day. Drummond has not explained the legal basis for awarding fees and costs, and has not presented any evidence regarding the amounts requested. Therefore, the court will deny without prejudice the request for attorneys fees and costs.

As to Drummond's request to bar Otero and van Bilderbeek from testifying in support of other Defendants' defenses, C&S's Partial Opposition to Drummond's Motion opposes this

request for relief. (Doc. # 273). C&S argues that a total bar on their testimony "would impermissibly sanction not only Otero and van Bilderbeek but also C&S by prohibiting it from potentially calling Otero or van Bilderbeek as witnesses in its own defense." (Doc. # 273 at 2). It argues that "[p]reventing C&S from calling Otero and van Bilderbeek as witnesses at trial would violate principles of due process by unjustly punishing C&S for the misconduct of others." (*Id*. at 3). C&S further argues that there is no need to bar their testimony.

The court agrees that this requested prohibition is off the mark. Drummond and C&S both identified Otero and van Bilderbeek as potential witnesses in their Rule 26(a) initial disclosures. Drummond has asserted that "Otero played a central role in the scheme alleged in this RICO case" and is "at the epicenter of a witness bribery scheme and smear campaign that has caused Drummond millions of dollars in damages." (Doc. # 194 at 3, 6). Drummond has also described van Bilderbeek's alleged role in witness payments and media campaigns against Drummond. The court anticipates that Drummond will seek to introduce testimony from Otero and van Bilderbeek in support of their claims against the remaining Defendants. Although "the Sixth Amendment's right to confront adverse witnesses is inapplicable to civil cases, *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 856 (11th Cir. 2010), allowing their testimony for one purpose but not another would be prejudicial and is likely to cause confusion. Therefore, the court will deny this requested relief.

## C.     Parameters of a Default Judgment

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)). But, entry of default judgment is warranted only when there is a sufficient basis in the

pleadings for the judgment entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (noting that "a sufficient basis" standard is akin to that necessary to survive a motion to dismiss for failure to state a claim). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

The complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Surtain*, 789 F.3d 1239 at 1245 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Surtain*, 789 F.3d at 1245 (quoting *Iqbal*, 556 U.S. at 678).

The Complaint filed by Drummond in this case is 106 pages long, with an additional 85 pages of appendices documenting specific events along with dates, descriptions, methods, individuals involved, and claimed violations. (Doc. # 1). Defendants moved to dismiss the Complaint. (*See* Docs. # 14, 15). On March 8, 2016, in a detailed Memorandum Opinion and Order, the court explained at length how each count in the Complaint adequately states a claim for relief. (Doc. # 58). The operative complaint alleges plausible facts that, if proved, would permit the trier of fact to infer that Otero and van Bilderbeek are each liable to Drummond for the claims alleged. Therefore, the court will enter a default judgment against Otero and van Bilderbeek on each of the five counts in the Complaint.

## IV.    Conclusion

For the reasons discussed above, Drummond's Motion for Sanctions and Entry of Default Judgment Against Individual Defendants Otero and van Bilderbeek (Doc. # 265) is **GRANTED IN PART AND DENIED IN PART**. To the extent the Motion seeks entry of default judgment

against Otero and van Bilderbeek on Otero's and van Bilderbeek's liability with leave for Drummond to prove damages at a later date, the Motion is **GRANTED**. To the extent the Motion seeks to prohibit Otero and van Bilderbeek from offering testimony, the Motion is **DENIED**. Finally, to the extent the Motion seeks an order requiring Otero and van Bilderbeek to pay Drummond's reasonable expenses, including attorneys' fees, it is **DENIED WITHOUT PREJUDICE**.

The court will enter a separate default judgment after a determination is made about the amount of damages.

    **DONE** and **ORDERED** this April 10, 2024.

                                          _____
                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE