IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TERRENCE P. COLLINGSWORTH, et al., ) <br> ) <br> Defendants. ) | Case No 2:11-cv-3695-RDP |
| ) <br> DRUMMOND COMPANY, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TERRENCE P. COLLINGSWORTH, et al., ) <br> ) <br> Defendants. ) | Case No 2:15-cv-0506-RDP |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXTEND THE
DISPOSITIVE MOTION DEADLINE**

Defendants Conrad & Scherer, LLP, William R. Scherer, Jr., International Rights Advocates, and Terrence Collingsworth ("Defendants")[1] submit this reply in support of their motion for a short, three-week extension of the dispositive motion deadline. *See Defamation* Doc. 787; *RICO* Doc. 291).

In its response to Defendants' motion, Drummond does not explain how it would be prejudiced by a short extension of the dispositive motion deadline. *See generally Defamation* Doc. 796; *RICO* Doc. 297. Defendants are acutely aware of the Court's desire to maintain the existing schedule, which is precisely why they waited until <u>after</u> *Chiquita* trial began before seeking an

---

[1] Mr. Scherer and International Rights Advocates are defendants in the *RICO* case only.

extension. If Defendants had requested an extension <u>before</u> the *Chiquita* trial began, Drummond certainly would have opposed the request as being speculative as to whether it was necessary. Defendants should not be faulted for waiting until the need for a short extension arose rather than preemptively seeking an extension only for the need for one never to arise.

Unable to identify actual prejudice from a short extension, Drummond instead manufactures an ulterior motive for Defendants' request for an extension, arguing that "[t]he true reason for Defendants' motion is that they want additional time to depose Colombian witnesses." *RICO* Doc. 297. There is no ulterior motive and, in any event, Drummond has not identified any prejudice by the continued development of witness testimony in Colombia or explained why Defendants' pursuit of that testimony warrants denial of Defendants' motion.

First, the timing of Defendants' request does not support Drummond's accusation that it was motivated by a desire for more time to depose Colombian witnesses. Defendants emailed Drummond about the extension on Wednesday, April 24, <u>the same day the *Chiquita* trial started</u>. (As noted above, Defendants thought it prudent to wait until the trial actually started before seeking an extension.) Defendants advised that they intended to seek an extension because the "summary judgment deadline falls almost directly in the middle of the 6-week period the *Chiquita* court has allotted for trial." *RICO* Doc. 291-3 (meet and confer email) at 3. In that email, C&S made the additional point that "[e]xtending the summary judgment briefing schedule would give all parties time to complete [Jaime] Blanco's deposition," which one might expect Drummond would be eager to complete, as well as time to complete outstanding depositions that <u>Drummond</u> claims it is entitled to take after the discovery cutoff (such as that of Defendant Francisco Ramirez and his wife, Rebecca Pendleton).

Second, Drummond does not explain how it would be prejudiced by the continued development of witness testimony in Colombia. For example, Drummond does not argue that it would not have an opportunity to cross-examine witnesses such as Samario (whose failure to appear and deposition rescheduling was wholly outside of the Defendants' control) or Charris (whose deposition would have already been completed except for the fact that Drummond requested a continuance due to a personal travel conflict, which Defendants agreed to accommodate).[2] With respect to Jaime Blanco, Defendants will be responding to Drummond's premature motion to exclude his testimony on or before May 10. *See RICO* Doc. 290. As Defendants will demonstrate in that response, Drummond bears some responsibility for the inability of the parties to complete Blanco's deposition in December. Defendants will also demonstrate how their efforts to reschedule his deposition has been complicated by safety concerns Blanco has memorialized in written requests for enhanced security protection after his December deposition.

Drummond's opposition boils down to its displeasure about Defendants having the opportunity to develop *any* more damaging evidence against it, which it has desperately been trying to avoid in this case. Given its accusations against the Defendants over the past decade, one would expect Drummond to welcome the opportunity to depose the witnesses it claimed Defendants bribed. But Drummond wants to do no such thing, as evidenced by dogged opposition throughout the life of these case of any effort by Defendants to obtain testimony from Colombian witnesses.

Finally, Drummond offers no explanation for why the two-week cutoff for taking depositions that precedes the dispositive motion deadline should not be extended if the Court

---

[2] The parties are scheduled to take Charris' letters rogatory deposition on Tuesday, May 7, beginning at 9:00 a.m. Central. *RICO* Doc. 298, ¶ 4.

3

grants Defendants' motion. The only possible explanation Drummond could offer would be that it does not want Defendants to have any more time to develop *any* more damaging evidence against it. If the Court has reservations about also extending the deposition cutoff, however, the remedy would be to keep the current deposition cutoff (May 10) in place (for all parties) while extending the dispositive motion filing deadline.[3]

WHEREFORE, Defendants request a three-week extension of the dispositive motion deadline to June 14, 2024, and corresponding extensions of the response and reply deadlines to July 5, 2024, and July 19, 2024, respectfully.

DATED: May 6, 2024                     Respectfully submitted,

*s/ William T. Paulk*
Robert K. Spotswood
Michael T. Sansbury
William T. Paulk
SPOTSWOOD SANSOM & SANSBURY LLC
505 20th Street North, Suite 700
Birmingham, AL 35203
Phone (205) 986-3620
Fax (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
wpaulk@spotswoodllc.com

*Attorneys for Defendants Conrad & Scherer, LLP and William R. Scherer, Jr.*

*s/ Terrence P. Collingsworth (with permission)*
Terrence P. Collingsworth (D.C. Bar No. 471830)
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 543-5811
tc@iradvocates.org

---

[3] As counsel for C&S noted during the last telephone conference, there may be a logical cutoff for the parties to obtain testimony that can be considered at the summary judgment stage, and a different cutoff for the parties to obtain testimony they have been diligently trying to obtain for use at trial.

*Counsel for Terrence P. Collingsworth and*
*International Rights Advocates*

## **CERTIFICATE OF SERVICE**

  I certify that on May 6, 2024, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record and *pro se* parties.

             *s/ William T. Paulk*
             William T. Paulk