# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC. <br><br> v. <br><br> TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:11-cv-3695-RDP <br> (*Defamation*) |
| DRUMMOND COMPANY, INC., et al. <br><br> v. <br><br> TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:15-cv-0506-RDP <br> (*RICO*) |

**DRUMMOND'S RESPONSE TO C&S AND WILLIAM R. SCHERER, JR.'S MOTION TO PRECLUDE ALL TESTIMONY BY SPENCER LYNCH**

William Anthony Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

Sara E. Kropf
Kropf Moseley PLLC
1001 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

3344042.4

Plaintiffs Drummond Company, Inc. and Drummond Ltd. (collectively "Drummond") file this response in opposition to Conrad & Scherer, LLP ("C&S") and William R. Scherer, Jr.'s "Motion to Preclude All Testimony by Spencer Lynch" (*RICO* Doc. 419; *Defamation* Doc. 897).

## INTRODUCTION

On May 20, 2025, the Court found that Collingsworth intentionally spoliated evidence and made clear that it will instruct the jury that it may (but is not required) "to infer that Collingsworth's missing emails, missing MacBook, and missing iPad would have been unfavorable to Defendants[.]" *RICO* Doc. 377 at p. 20. Although C&S contends that the "one factual issue the Court left to the jury" is whether C&S is also guilty of spoliation via "agency," *RICO* Doc. 419 at 8 n.3, that is not true. There are factual issues not addressed by this Court's spoliation opinion that bear directly on the spoliation issue. Moreover, there are factual issues surrounding Collingsworth's spoliation of evidence that will give important context to what was deleted and why. Mr. Lynch's testimony on these issues will help the jury decide whether to draw the *permissive* adverse inference based on spoliation of evidence. Defendants' Motion is due to be denied.

## ARGUMENT

### I.    Mr. Lynch is not a "Rebuttal Expert."

Drummond did not disclose Lynch at the time the Court designated for disclosing "rebuttal" experts. Instead, Drummond identified Lynch on March 8, 2024, the Court's deadline for disclosing affirmative experts who will testify in Drummond's case-in-chief. *See RICO* Doc. 242 (Am. Scheduling Order) ¶ 4. Drummond's disclosure therefore makes clear Lynch is offered as an affirmative expert, not a rebuttal expert.

1

Furthermore, C&S ignores the procedural realities that led to Mr. Lynch's involvement in this case. Briefly restated, Defendants have claimed that the loss of Collingsworth's emails was "unknown to Defendants until 2015, when they were discovered by the top national forensic computer expert [Dennis Williams] hired by Defendants." *Defamation* Doc. 300 at 1. Of course, this Court already found this claim to be demonstrably false. *See Defamation* Doc. 776 at p. 6 of 16; *Defamation* Docs. 776-3, 776-4, and 776-5 (emails from 2014 discussing the "exciting twist" that "Terry's emails are lost" and C&S "couldn't find the emails in Terry's account"); *Defamation* Doc. 885 (Spoliation Mem. Op.) at 9 of 23 (finding that "[b]y at least July 10, 2014, Collingsworth and C&S were aware that there were periods of time for which Collingsworth's emails were 'missing'"). In any event, at the same time C&S first disclosed that Collingsworth's emails were gone, they simultaneously produced a report from Dennis Williams purporting to explain why.

Shortly thereafter, Drummond retained Mr. Lynch both to respond to Williams' report and to perform his own analysis of what emails, data, and devices were missing. In the course of that work, Mr. Lynch produced multiple reports which were served on C&S. *Defamation* Doc. 352-6 (Aug. 18, 2015 Lynch Report); Ex. 1 (Jan. 6, 2016 Lynch Report).[1] Mr. Lynch also provided a short, additional report in conjunction with Drummond's renewed sanctions motion. *Defamation*

---

[1] Due to a clerical error, Mr. Lynch's January 6, 2016 Report was inadvertently omitted from the hyperlink in Drummond's March 8, 2024, letter identifying Lynch, Harwood, Santamaria, Markey, and Kroll as its affirmative experts. However, C&S has been in possession of that report since January 6, 2016, and therefore has long been aware of Mr. Lynch's opinions in that report and the factual basis for those opinions. *See Defamation* Doc. 433 (Jan. 7, 2016 Order) ¶ 4 (directing that forensic computer expert reports be exchanged and noting "the spoliation issues that are looming in this case"); *Defamation* Doc. 463 (Parties' Joint Status Report) at p. 7 of 14 (C&S jointly reporting with Drummond that "[i]n accordance with the Court's Order, Doc. 433, the parties provided the Special Master on January 7, 2016, with the reports of their respective experts"); Ex. 2 (Jan. 7, 2016 Wells email attaching the Jan. 6, 2016 Lynch Report). Accordingly, the omission of a duplicative copy of Mr. Lynch's January 6, 2016, report from the hyperlink is harmless. Fed. R. Civ. P. 37(c)(1); *Miele v. Certain Underwriters at Lloyd's of London*, 559 F. App'x 858, 861-862 (11th Cir. 2014) (where "[n]either party disputes that the plaintiffs received the [expert's] report within the discovery deadlines" the later submission of a declaration from that expert after the close of discovery "was harmless").

Doc. 775-16 (Feb. 14, 2024 Lynch Report).  Notably, despite having Mr. Lynch's reports for approximately 10 years, Defendants never deposed him.

As those reports reflect, Lynch's opinions are not limited to criticizing Williams.  Indeed, Lynch offers many affirmative opinions regarding the scope, timing, and nature of Defendants' destruction of relevant evidence.  For example, Mr. Lynch will opine that Collingsworth's now-missing Seagate external hard drive was used to back up his emails, that it had sufficient storage space to store "hundreds of thousands of emails," *Defamation* Doc. 352-6 at 22 n.3, and that it was plugged into Mr. Collingsworth's computers on multiple, critical dates that coincide with when C&S personnel were gathering documents in response to discovery requests, when this Court issued a preservation order, and when C&S was searching Collingsworth's emails.  *Id.* at 23.  *See also* Ex. 1 (Jan. 6, 2016 Lynch Report) ¶¶ 34-37.  Lynch will also opine on both the size of the gaps in Mr. Collingsworth's email and the timing of those gaps which, when juxtaposed with known contemporaneous events relating to witness payments and witness testimony, will show how critical those missing emails are.  Ex. 1 (Jan. 6, 2016 Lynch Report) ¶ 13.  These facts are relevant to the jury's decision regarding whether to make the adverse inference that this Court's instruction will permit—but not require—them to make.  Indeed, Collingsworth and C&S will no doubt argue, as they have previously, that the gaps of deleted emails are "small and random", "*de minimis*", and "would not contain any critical evidence," *Defamation* Doc. 300 at pp. 11-12 of 49, and that therefore the jury should not draw the permissive inference of spoliation.  Mr. Lynch's affirmative opinions are relevant for this additional reason.

It is affirmative opinions like the above that Drummond intends to elicit from Mr. Lynch at trial.  Mr. Lynch's testimony is not intended solely to contradict or rebut Williams' testimony, and, therefore, Mr. Lynch is not a "rebuttal" expert as the term is used in Rule 26(a)(2)(D)(ii).

3

## II.   MR. LYNCH'S OPINIONS WILL BE HELPFUL TO THE JURY.

"[T]o satisfy the helpfulness requirement, expert testimony must be relevant to an issue in the case and offer insights 'beyond the understanding and experience of the average citizen.'" *Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1287 (N.D. Fla. 2017) (quoting *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985)).  Lynch's testimony regarding the scope, timing, and nature of Defendants destruction are "undoubtedly relevant." *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 86 (3d Cir. 2019).  "The [] Court's permissive adverse inference instruction made [Defendants'] spoliation a material issue for the jury to consider at trial, so any spoliation-related evidence clears the baseline relevance hurdle of Rules 401 and 402." *Id.*  Likewise, here, the Court stated that it "will instruct the jury that it *may* presume that the lost information . . . was unfavorable to Defendants." *RICO* Doc. 377 at p. 22 (emphasis original).  Given that it is up to the jury to decide whether to make an adverse inference, Drummond will be severely prejudiced if it is not able to present evidence regarding the timing and extent of spoliation.

Finally, nothing in Rule 37 prevents Mr. Lynch from testifying regarding the extent and timing of Collingsworth's evidence destruction.  As C&S's Motion points out, the Advisory Committee Notes to Rule 37 provide that under 37(e)(1), "In an appropriate case, it may be that serious measures are necessary to cure prejudice found by the court, such as . . . permitting the parties to present evidence and argument to the jury regarding the loss of information[.]" Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment.  C&S, however, incorrectly assumes that such a remedy would not be available when, as here, the sanctions are issued pursuant to Rule 37(e)(2).  That leap is simply wrong.  A sanction under 37(e)(2) requires a finding of intent that is not required by 37(e)(1). Rule 37(e)(2) also permits more severe sanctions than 37(e)(1), including dismissal or default.  It is illogical to assume that the "serious measures" available for less culpable

4

conduct under Rule 37(e)(1), would not also be available when a more serious offense is found under 37(e)(2).

C&S acknowledges that this Court has already found that Collingsworth intended to destroy evidence. *RICO* Doc. 419 at 8. Drummond agrees. *RICO* Doc. 377 (Spoliation Op.) at 19 ("The court has no hesitation in drawing the conclusion that Collingsworth acted deliberately with the intent to deprive Drummond of not only the information on the MacBook (by only preserving some of it and then giving the computer to his niece in Brazil), but also did the same thing with respect to whatever information may have been on the iPad."). As this Court has made clear, however, "[t]he parties will have the opportunity to propose an instruction at the appropriate time." *Id.* at 22. To the extent this Court's spoliation instruction does not include a specific finding that Collingsworth acted with the intent to destroy evidence, or if Collingsworth or C&S suggest or argue to the contrary at trial, then Mr. Lynch's testimony regarding the indicia of intentional deletion would also clearly be relevant. *See, e.g., Defamation* Doc. 352-6 (Aug. 18, 2015 Lynch Report) at ¶¶ 11, 24, 26, 35, 72; Ex. 1 (Jan. 6, 2016 Lynch Report) at ¶¶ 53, 54, 57, 59. Indeed, C&S's own authority confirms as much. *See RICO* Doc. 419 at 7 of 10 (citing *Snider-Hancox v. NCL Bahamas Ltd.*, No. 17-20942-CIV, 2019 WL 13020778, at *6 (S.D. Fla. Feb. 7, 2019) for the proposition that spoliation testimony "would be helpful" where "Plaintiff's acts of spoliation are in contest at trial").

## CONCLUSION

Drummond requests that C&S and William R. Scherer, Jr.'s "Motion to Preclude All Testimony by Spencer Lynch" (*RICO* Doc. 419; *Defamation* Doc. 897) be denied.

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin T. Presley* | */s/ Sara E. Kropf* |
| William Anthony Davis, III (ASB-5657-D65W) | Sara E. Kropf |
| H. Thomas Wells, III (ASB-4318-H62W) | KROPF MOSELEY PLLC |
| Benjamin T. Presley (ASB-0136-I71P) | 1100 H. Street NW, Suite 1220 |
| STARNES DAVIS FLORIE LLP | Washington, DC 20005 |
| 100 Brookwood Place, 7th Floor | (202) 627-6900 |
| Birmingham, AL  35209 | |
| (205) 868-6000 | |
| fax: (205) 868-6099 | |

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I electronically filed the foregoing via the CM/ECF system which will provide electronic service to all counsel of record.

*/s/ Benjamin T. Presley*
Benjamin T. Presley (ASB-0136-I71P)

3344042.4