# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No 2:11-cv-3695-RDP |
| | ) | ("*Defamation*") |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| | ) | |
| DRUMMOND COMPANY, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No 2:15-cv-0506-RDP |
| | ) | ("*RICO*") |
| v. | ) | |
| | ) | **OPPOSED** |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>EMERGENCY MOTION</u> BY DEFENDANTS TERRENCE P. COLLINGSWORTH AND INTERNATIONAL RIGHTS ADVOCATES TO CONTINUE DECEMBER 1, 2025 TRIAL DATE**

As the Court is aware, on Friday afternoon, October 17, 2025, Drummond settled its defamation and RICO claims against Defendants Conrad & Scherer, LLP ("C&S") and William R. Scherer, Jr. ("Scherer"). *See* Doc. Nos 555 (RICO) and 1037 (Defamation)(dismissing the claims). This leaves the undersigned, Terrence P. Collingsworth, as the sole Defendant in the defamation case, and Mr. Collingsworth, International Rights Advocates ("IRAdvocates"), and Francisco Rameriz as Defendants in the RICO case. Declaration of Terrence P. Collingsworth ("TPC Decl.") ¶ 2. Mr. Collingsworth and IRAdvocates have not been represented by outside counsel since Mr. Collingsworth separated from C&S in December 2015. *Id*. ¶ 3. Instead, Mr.

1

Collingsworth and IRAdvocates had been working closely with counsel for C&S and Mr. Scherer, Bob Spotswood and William Paulk of Spotswood Sansom & Sansbury LLC. *Id*. ¶¶ 4-5. The filings in these cases reflect a long history of coordination between the Defendants in these matters. *Id*. ¶ 4.

As all concerned were aware, Mr. Collingsworth and IRAdvocates were planning on participating in the trial with counsel for C&S taking the lead and Mr. Collingsworth supplementing as needed the questioning of witnesses and presentation of evidence. *Id*. ¶ 5. Now that C&S and Mr. Scherer have settled with Drummond, Defendants Collingsworth and IRAdvocates will not be able to rely on C&S's counsel at trial and need to retain outside counsel.

Accordingly, Defendants Collingsworth and IRAdvocates request on an emergency basis a continuance of the trial for 90 -120 days to allow them to retain outside counsel. This additional time is essential to avoid severe prejudice to Mr. Collingsworth and IRAdvocates that would result if they are forced to go to trial alone without any outside counsel. In addition to needing outside counsel, Defendants cannot possibly go to trial without a Birmingham firm to provide the trial support that the Spotswood firm was going to provide. Defendants were relying on the Spotswood firm for logistical support, tech support, jury consultants, and all of the other important trial preparation and implementation aspects of a complex trial. *Id*. ¶ 5. Defendant IRAdvocates does not have the capacity to provide these services and always relies upon a partner firm in conducting trials. *Id*.

Based on initial interviews Mr. Collingsworth had on October 20-21, 2025 with two candidates, both experienced trial counsel, they have scheduling conflicts going into December, 2025. *Id*. ¶¶ 6-8. This is not surprising as any experienced trial lawyer in Birmingham is not going to have availability in the coming weeks to prepare for a major trial. *Id*. ¶ 6. On Monday,

October 20, Mr. Collingsworth spoke with Andy Campbell at Campbell Partners about representing him and IRAdvocates in the trial currently scheduled to start December 1. Mr. Campbell himself has a trial starting in St. Louis on December 1. He said he could not consider joining the case unless the trial is continued to allow him to complete his currently scheduled work and then have sufficient time to get up to speed on this complex case. *Id*. ¶ 7.

On Tuesday, October 21, Mr. Collingsworth spoke with a senior partner at McCallum Hoaglund McCallum, LLC about the firm's availability and interest in joining the case. They likewise said they could not even consider joining a trial starting December 1 because the entire firm was very busy going into December. *Id*. ¶ 8.

The C&S settlement with Drummond necessitating Defendants Collingsworth and IRAdvocates to retain outside counsel was beyond their control. Defendants only learned of the settlement with the filings on October 17. *Id*. ¶ 2. Defendant Collingsworth began working immediately to obtain outside counsel and has found two excellent firms, but neither can join the case unless the trial date is continued. *Id*. ¶ 6. Collingsworth and IRAdvocates would be properly represented if they could retain either firm, and Mr. Campbell is their lawyer of choice. *Id*. ¶ 7.

There is no question that abuse of discretion is the standard for assessing a request for a continuance of a trial. *See, e.g.*, *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005). However, when it comes to a denial of continuance that prevents a party from being properly represented by counsel at trial, the Courts of Appeal scrutinize the decision more closely. As Judge Wisdom put it in *Smith-Weik Machinery Corp. v. Murdock Machine & Engineering Co.*, 423 F.2d 842 (5th Cir. 1970),

> "Abuse of judicial discretion" as the basis for reversal of a trial court's judgment has more bark than bite -- in terms of the reviewing court's assessment of the trial judge's exercise of discretion. Here, for example, our holding involves no criticism of the district judge. The magic words mean only that in the light of the record as a whole this Court

3

    feels that the denial of the motion for a continuance severely prejudiced the defendant; that, on balance, the interests in favor of a fair trial heavily outweighed the interests in favor of an immediate trial. The trial judge did not have the benefit of the hindsight this Court has as a result of reading the record. When the case was called for trial, it may have appeared to the trial judge to have been a relatively simple breach-of-contract action, which local counsel was well enough prepared to handle. In the light of the record, we find that the matter was hotly contested on the facts and at issue were a number of [complex] legal questions . . . In Anglo-American law, with trials based on the adversary system as the best means of arriving at a just and legal result, ***the interests of justice in this case required that both parties be represented by able counsel well informed on the facts and the pertinent law.*** The illness of the defendant's principal attorney and local counsel's relative unfamiliarity with the case tipped the scales so heavily in favor of the plaintiff as to effectually deprive the defendant of its rightful day in court.

*Id*. at 844 (emphasis added).1

    Numerous courts agree that a continuance to find new counsel and allowing that counsel adequate time to prepare are so fundamental that these issues are reviewed directly, outside of any vague abuse of discretion factoring analysis. *See, e.g., Santa Maria v. Metro-N. Commuter R.R.,* 81 F.3d 265, 275 (2d Cir. 1996)(holding that the court should have granted a continuance in order for replacement counsel to be found after unanticipated circumstances required acquiring new counsel and finding that a continuance was necessary for new counsel to be brought "up to speed" "especially given the complicated . . . nature of the case"); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 358 (4th Cir. 2007)(vacating the decision denying defendant's motion for continuance and holding that the court abused its discretion by failing to grant a "reasonable continuance" for the defendant "to secure replacement counsel" and conduct necessary preparation for the case); *Anderson v. Sheppard*, 856 F.2d 741, 748 (6th Cir. 1988) (finding that the district court abused its discretion in failing to grant the defendant a reasonable

---

1 In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

continuance to obtain counsel and concluding that a continuance was necessary for new counsel to become familiar with a "complex case"); *U.S. v. 9.19 Acres of Land, More or Less, in Marquette Cnty.*, Mich., 416 F.2d 1244, 1245 (6th Cir. 1969) (holding that the court erred in denying the defendant's request for continuance which was necessary for them to have adequate time to retain new counsel and asserting that '"myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality"')(quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 849, 11 L. Ed. 2d 921 (1964)).

      Here the situation is more stark: Defendants Collingsworth and IRAdvocates are facing being forced to go to trial without ***any*** counsel if a continuance is not granted. The interests of justice in this highly contentious case require there be a fair fight with Defendants being represented by Defendants' choice of an experienced trial counsel. Further, the continuance must be sufficient to allow newly retained counsel adequate time to prepare. As the Sixth Circuit put it, "[r]ealistically, we find it untenable that a client would be able to secure new counsel for a complex [case] . . . when counsel would be aware of the district court's admonition that the case would proceed in a very short time . . . there would be no additional time granted for counsel to become familiar with the case, or to prepare for trial." *Anderson*, 856 F.2d at 748.

      This case like the cases cited above is unique in that it goes to the heart of the right to counsel and "the interests of justice in this case require[] that both parties be represented by able counsel well informed on the facts and the pertinent law." *Smith-Weik Machinery Corp.,* 423 F.2d at 844. A reasonable continuance here of 90-120 days is the only way Defendants can exercise their right to retain counsel of their choice, allow their counsel adequate time to prepare for a very complex case, and have adequate support at trial.

5

In addition to a compelling case on a direct challenge to a right to counsel, Defendants here also satisfy the traditional factors for abuse of discretion in requests for a continuance in other situations. The Eleventh Circuit (and most courts) considers four factors:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.

*Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005) (citation omitted).

In *Kaina v. Cnty. of Maui*, No. CIV.04-00608 DAE-LEK, 2007 WL 1153829 (D. Haw. Apr. 18, 2007), the closest fact pattern to this case Defendants could find where the court applied these factors, in December 2006, the Magistrate judge set a trial for August 2007 over defendants' objection that their lead counsel was unavailable. The District Court applied the four factors listed above and found that denying defendants their counsel of choice was an abuse of discretion. Applying these factors in this case, denying Defendants a short continuance of 90-120 days to obtain their counsel of choice in this significant case would likewise be an abuse of discretion.

### *(1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing;*

In *Kaina*, the court found that "Defendants requested the continuance from August 21, 2007 until a later date because their outside counsel, Mr. Gass, would not be available on that day. Defendants did not make the request because they were not diligent in preparing their defense and, therefore, would require more preparation time." 2007 WL 1153829, at *3. Here, Defendants have been preparing their defenses for years; the issue is that they would be severely prejudiced presenting those defenses themselves without experienced outside counsel of their

6

choice facing the jury. Further, Defendant Collingsworth acted *immediately* to search for Alabama counsel once he learned that C&S's counsel would no longer be taking the lead at trial. TPC Decl. ¶ 6. Today, two business days after receiving that notice, Defendants have identified two firms they would like to have represent them, but neither is available for the current December 1 trial date and require a continuance. *Id*. ¶¶ 7-8. There is no diligence issue here.

> *(2) the likelihood that the need for a continuance would have been remedied had the continuance been granted;*

The Magistrate Judge in *Kaina*, 2007 WL 1153829, at *4, found that defendants did not "need" their chosen lead counsel to go to trial. The District Court reversed saying "it is clear that the continuance would serve the purpose of protecting Defendants' right to be represented by counsel of their choice." *Id*. Here, Defendants absolutely need to have effective counsel at trial, and either of the two firms they have found represent the "counsel of their choice." As neither of them are available for the start of a December 1 trial, TPC Decl. ¶¶ 7-8, a continuance would resolve the issue. "The desire to be represented by counsel of choice is a legitimate "need" under the Fifth Amendment Due Process Clause and, in this case, the granting of a continuance would meet that need." *Kaina*, 2007 WL 1153829, at *5. Further, Defendants' great need for logistical and trial support provided by a Birmingham law firm would be resolved with a continuance to allow retention of one of the firms identified. TPC Decl. ¶ 5.

> *(3) the extent to which granting the continuance would have inconvenienced the court and the opposing party;*

Here, Drummond will likely say it is inconvenienced, but a few months more in cases with this unusual length and history is not material. Drummond cannot likely demonstrate that it will suffer actual prejudice from a short continuance, such as losing witnesses who would not be

7

available due to the rescheduling. *See Kaina*, 2007 WL 1153829, at *5. As for inconvenience to the Court, the issue is whether the change would require a major rescheduling of other matters. *Id*. Defendants are requesting a continuance of 90-120 days and assume the Court would set a new date within that range that would minimize any inconvenience. The denial of a continuance is an abuse of discretion "if the district judge's denial of the motion amounted to 'an unreasoning or arbitrary insistence on expeditiousness in the face of a justifiable request for delay.'" *U.S. v. Fox*, 878 F.3d 574, 577 (7th Cir. 2017) (quoting *United States v. Carrera*, 259 F.3d 818, 825 (7th Cir. 2001)).

### *(4) the extent to which the moving party might have suffered harm as a result of the district court's denial.*

When the denial of a continuance deprives defendants of their chosen counsel, this is prejudicial as it "would undermine the right of parties to select their counsel." *Kaina*, 2007 WL 1153829, at *6. Here, the prejudice of a denial of a continuance would be particularly great because both of the two firms Defendants have identified are not available on December 1, including Defendants' counsel of choice, Andy Campbell. TPC Decl. ¶¶ 7-8.  Not only would Defendants be deprived of their chosen counsel if not granted a continuance, but virtually every lawyer who is well-respected as a trial lawyer in Birmingham and could effectively step into this case is also going to have a full schedule for the near term. *See id*. ¶ 6. Without a continuance, Defendants will not only be deprived of their chosen counsel, but they likely will be deprived of *any* counsel. To force Defendants to trial alone in such an important case with serious implications would be a grave miscarriage of justice that would "effectually deprive the defendant[s] of [their] rightful day in court." *Smith-Weik Machinery Corp.*, 423 F.2d at 844.

Further, Defendants Collingsworth and IRAdvocates will suffer severe prejudice because IRAdvocates, a small non-profit legal advocacy group, does not have the capacity to manage and implement the logistical requirements of a large, complex trial in Birmingham, Alabama. Defendants had been relying on the Spotswood firm for these essential services. TPC Decl. ¶ 5. Defendants learned just a few days ago of the drastic change in circumstances that the Spotswood firm will not be their trial partner. A continuance is needed to avoid forcing Defendants to incur the substantial prejudice of going to trial without a law firm partner to lead the trial team.

Accordingly, based on their showing herein, Defendants Collingsworth and IRAdvocates respectfully request that the Court grant them a continuance of 90-120 days to allow them to retain counsel of their choice, allow that counsel adequate time to prepare, and allow Defendants to participate in the trial with experienced trial counsel with necessary logistical support.

Respectfully submitted this 21st day of October 2025,


/s/Terrence P. Collingsworth
Terrence P. Collingsworth
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue NE
Washington, D.C. 20002
Telephone: (202) 543-5811
tc@iradvocates.org

9

## CERTIFICATE OF SERVICE

I hereby certify that, on October 21, 2025, I electronically filed the foregoing with the United States District Court for the Northern District of Alabama by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

Date: October 21, 2025

/s/ Terrence P. Collingsworth
Terrence P. Collingsworth
(D.C. Bar No. 471830)
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 543-5811
tc@iradvocates.org