# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DRUMMOND COMPANY, INC. et al.,** } | |
| } | |
|     **Plaintiffs,** } | |
| } | |
| v. } | **Case No.: 2:11-cv-3695-RDP** |
| } | |
| **TERRENCE P. COLLINGSWORTH,** } | |
| et al., } | |
| } | |
|     **Defendants.** } | |

| | |
|---|---|
| **DRUMMOND COMPANY, INC., et al.,** } | |
| } | |
|     **Plaintiffs,** } | |
| } | |
| v. } | **Case No.: 2:15-cv-506-RDP** |
| } | |
| **TERRENCE P. COLLINGSWORTH, et** } | |
| al., } | |
| } | |
|     **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

These matters are before the court on the Emergency Motion by Defendants Terrence P. Collingsworth and International Rights Advocates ("IRAdvocates") to Continue December 1, 2025 Trial Date. (Case No. 2:11-cv-3695-RDP ("Defamation"), Doc. # 1041; Case No. 2:15-cv-00506-RDP ("RICO"), Doc. # 557).[1] Drummond has responded to the Motion (Doc. # 1052), and Collingsworth and IRAdvocates have filed a reply (Doc. # 1053). After reviewing the briefing, on October 30, 2025, the court heard argument on the Motion. For the reasons explained below, the

---

[1] For convenience, unless otherwise specifically noted, the court cites to documents in the Defamation Case, No. 2:11-cv-3695-RDP.

Motion is due to be denied.

**I.     Background**

In the Motion, Collingsworth and IRAdvocates argue that, if a continuance is not granted, they "are facing being forced to go to trial without *any* counsel." (Doc. # 1041 at 5) (emphasis in original).

IRAdvocates's website describes its mission as "work[ing] globally - from India and West Africa to South America - addressing a wide range of human rights issues through strategic litigation, training, research, policy and advocacy and coalition building." The website contains an "our leadership" section that provides details about Collingsworth. It describes him as having "been practicing law in the United States for over 35 years" and "[f]or the last 25, he has specialized in international human rights litigation." It says "[h]e [] attended Duke University School of Law and graduated as a member of the Order of the Coif" and that "[h]e has taught at numerous law schools in the United States."[2]

Since 2002, Collingsworth has regularly filed cases and litigated in the Northern District of Alabama. (Cases No.: 7:02-cv-00665-KOB, *Rodriquez, et al. v. Drummond Co, Inc., et al.*; 7:03-cv-00575-KOB, *Romero v. Drummond Co, Inc., et al.*, 7:03-cv-01788-KOB, *Suarez, et al. v. Drummond Company Inc., et al.*; 7:04-cv-00241-KOB, *Ruiz, et al. v. Drummond Company, et al.*; 7:04-cv-00242-KOB, *Doe, et al. v. Drummond Company, Inc.*, et al.; 7:09-cv-00557-RDP; *Baloco, et al. v. Drummond Company, Inc., et al.*; 2:09-cv-01041-RDP, *Jane Doe, et al. v. Drummond Company, Inc., et al.*; 2:13-cv-00393-RDP, *Penaloza, et al. v. Drummond Company, Inc., et al.*). Five of the cases Collingsworth filed were tried to a jury in 2007. (*Rodriquez*, *Romero, Suarez,*

---

[2] https://www.internationalrightsadvocates.org/leadership (last visited October 29, 2025).

*Ruiz*, and *Doe*). Matters occurring in relation to these cases were the genesis of the two cases currently pending in this court that were filed against Collingsworth – the Defamation (11cv3695) and RICO (15cv506) cases.

The Defamation case (11cv3695) has been pending since 2011 and the RICO case (15cv506) has been pending since 2015. Collingsworth and IRAdvocates were originally represented by outside counsel in both cases. In fact, for the first few years of the defamation case, and early in the RICO case, lawyers from a number of different firms represented those two Defendants. Attorneys from Clark, Hair & Smith made an initial appearance for them in December 2011. (Doc. # 8). In addition, attorneys from Spotswood, Sansom & Sansbury, LLC appeared for all Defendants, including IRAdvocates and Collingsworth, that same month. (Doc. # 169). Both of those firms moved to withdraw from that representation in 2015. (Docs. # 385, 386). In addition, over time, IRAdvocates and Collingsworth were also represented by other firms – Susman Godfrey, Steptoe & Johnson, and Badham & Buck. (Docs. # 369, 381, 464). However, in 2015 and 2016 each of those firms moved to withdraw from this case. (*Id.*). Before approving the withdrawal of the last firm standing, the court conducted a hearing. (Doc. # 473). At the hearing, Collingsworth represented that he was unable to pay for outside counsel and asked to undertake representation of himself and IRAdvocates. (*Id.* at 5-6). The court permitted him to appear and substitute for withdrawing counsel. (*Id.* at 6; Docs. # 464, 467, 469). But, the court cautioned Collingsworth that "[i]f you're *pro hac viced* in, then on significant matters you're going to need to attend court here if you're counsel" and "if you're counsel, you're in for a dime, in for a dollar[.]" (*Id*. at 6). Collingsworth responded, "[t]hat's correct" and stated "as you know in my prior representations in these other cases, I regularly attended the hearings there and I will do that

3

in this situation." (*Id*. at 6-7). He further noted that "I will be representing myself as effectively as I can and IRAdvocates in this situation." (*Id*. at 7). Therefore, for nearly a decade, since April 25, 2016, Collingsworth has served as counsel for IRAdvocates and himself.

Fast forward to the end of last year. On December 10, 2024, the court ruled on the parties' respective Motions for Summary Judgment in both of these cases. (Case No. 2:11-cv-3695-RDP, Docs. # 841, 842; Case No. 2:15-cv-00506-RDP, Docs. # 363, 364). In the Defamation case (11cv3695), the court indicated that "[a] pretrial conference will be set by separate order." (Doc. # 842). In the RICO case (15cv506), the court stated that "[t]he case will proceed on Count I - Pattern of Racketeering Activity in violation, and Count II - Conspiracy to Violate RICO." (Case No. 2:15-cv-00506-RDP, Docs. # 364 at 2). Thus, as of December 10, 2024, it was clear both these cases were going to trial.

On January 9, 2025, Drummond moved to reinstate its renewed motion for sanctions and its motions for spoliation sanctions. (Doc. # 847). Within a week of that Motion, Collingsworth and IRAdvocates filed a motion to recuse seeking the disqualification of the undersigned. (Doc. # 848). On February 19, 2025, the court denied that motion. (Doc. # 854).

On May 20, 2025, the court resolved Drummond's Motion for Spoliation Sanctions. (Doc. # 855). In that Order, the court stated, "[t]he court will set a status conference to discuss the setting of a pretrial conference and potential trial dates by separate order." (*Id*. at 22). Also on May 20, 2025, the court set a status conference for June 23, 2025, to discuss the setting of a pretrial conference and potential trial dates. (Doc. # 856).

On June 12, 2025, shortly before the status conference to discuss trial dates, Collingsworth and IRAdvocates moved to stay proceedings in this case pending the outcome of the Colombian

4

Criminal Trial against two Drummond executives, which reportedly began on April 29, 2025.[3] (Doc. # 860).

On June 23, 2025, after the status conference, the court ordered the parties to "meet and confer regarding a date for a pretrial conference, *a trial date in December 2025*, and all relevant pretrial deadlines" and file a joint report containing a proposed dates for the pretrial on or before July 8, 2025. (Doc. # 862; *see also* Doc. # 864).

On July 16, 2025, the court denied the Motion to Stay Proceedings Pending the Colombian Criminal Trial. (Doc. # 871). In that July 16, 2025 Order, the court set these cases for a trial to commence on December 1, 2025. (*Id*. at 10). So, a trial in these cases has been set for over three months. Now, within six weeks of that trial date, and after fifteen years of litigation, and over a thousand docket entries, Collingsworth and IRAdvocates have asked for a continuance. (Doc. # 1041).

In their Motion to Continue the December 1, 2025 trial, Collingsworth and IRAdvocates indicate that they were "were planning on participating in the trial [of these actions] with counsel for C&S taking the lead and [Collingsworth] was going to supplement as needed the questioning of witnesses and presentation of evidence." (Doc. # 1041 at 2). They also state that they were "relying on the Spotswood firm for logistical support, tech support, jury consultants, and all of the other important trial preparation and implementation aspects of a complex trial." (*Id*.). Regardless of that assertion, there are strong indications that any reliance on the support of the Spotswood Firm was misplaced.

---

[3] The parties dispute whether this was the beginning of the criminal trial or a continuation of pre-trial proceedings in the Colombian court. As best the court can discern, it was the latter. In any event, there is no indication that any Colombian trial is anywhere near resolution.

5

On July 22, 2025, C&S and Scherer filed a Motion to Preclude Consolidated Trials. (Doc. # 872). One of the reasons they sought a trial separate from Collingsworth and IRAdvocates was their contention that a "consolidated trial [with Collingsworth] would unfairly prejudice C&S" and "consolidated trials pose a classic risk of guilt by association." (*Id*. at 5).

On August 21, 2025, the court denied the Motion to Preclude Consolidated Trials. (Doc. # 877). Despite the denial of the Motion, at this point in time, the conflict between C&S and Scherer (on the one hand) and Collingsworth and IRAdvocates (on the other) had become concrete. While they were still in this case, C&S and Scherer took the position that Collingsworth acted outside of the scope of his employment (or agency) with the firm, and they were not responsible for his actions. (Docs. # 819 at 11-14; # 837 at 11-17). Thus, no later than July 22, 2025, Collingsworth and IRAdvocates – and any reasonably prudent lawyer – should have been disabused of any notion that they could simply rely on riding C&S and Scherer's coattails at trial. Nonetheless, Collingsworth and IRAdvocates still say they were counting on C&S and Scherer to carry the primary burden related to filing pretrial Motions in Limine and to Exclude Experts. (*See* Docs. # 878-899; 924, 925, 926-946).

On October 14, 2025, the court resolved all but one of the pending pretrial Motions. (Docs. # 1034, 1035). Shortly thereafter, on October 17, 2025, which was still more than six weeks before the scheduled December 1, 2025 trial date, Drummond settled its claims in both the Defamation and RICO cases against Defendants C&S and Scherer. (Case No. 2:11-cv-3695-RDP, Doc. # 1037; Case No. 2:15-cv-00506-RDP, Doc. # 555). Collingsworth learned of the settlement that afternoon, on October 17, 2025, when the Pro Tanto Dismissal Orders were filed. (*Id*.; Doc. # 1042 at 10).

6

Collingsworth states that the settlement came as a "complete surprise" to him.[4] (Doc. # 1053-1 at 1).

Collingsworth's Supplemental Declaration states that after he learned of the settlement, he asked counsel for C&S and Scherer to share certain work that had already been done. (Doc. # 1053-1 at 2-3). Counsel responded that they were prohibited by a non-cooperation provision in the parties' settlement agreement from providing any assistance to Collingsworth. (*Id.*). Collingsworth says he also learned that C&S and Scherer's counsel had withdrawn their request to the Colombian Special Jurisdiction for Peace (JEP) to facilitate Jamie Blanco's testimony at trial here. (*Id*. at 3). Finally, the Supplemental Declaration asserts that one other attorney said he would *consider* representing Collingsworth and IRAdvocates at trial in these cases, but whether a continuance could be ultimately obtained was one consideration in making that decision. (*Id.*).

Of the three firms that Collingsworth has contacted about representing him and IRAdvocates, none have represented that they will undertake representation of Collingsworth and IRAdvocates in these actions if a continuance is granted. (Docs. # 1042 at 2-3; # 1053-1 at 2). In fact, one of the lawyers Collingsworth consulted has stated that after a five minute call with Collingsworth, he only told him that he "would [] look at the case," and in his letter to the court he explained that "[w]hether [he] would be interested at all in representing Mr. Collingsworth would depend on a plethora of factors including conflicts of interest, financial arrangements, scheduling conflicts, etc." (Doc. # 1048 at 4).

The letter concluded this way:

> In short, any suggestion by Mr. Collingsworth that I made some commitment to represent him in the above-referenced case is simply wrong and misleading. As an

---

[4] As the court explained during the hearing, it is not clear why it is surprising that the deep pocket defendants in a very risky trial may conclude a settlement is a superior result compared to the dangers of a trial.

7

> officer of the court, I am not used to this type of filing by a party using my name to achieve a trial postponement and I certainly did not give my permission to use my name in that fashion.

(*Id.*).

Discussions about potential representation appear to have advanced somewhat further with another lawyer. At the October 30, 2025 hearing on the motion for a continuance, Collingsworth was joined by Richard Smith of Christian Small. Smith made a limited appearance on behalf of Collingsworth. He stated that the current limited representation involved reviewing the case and evaluating whether he could represent Collingsworth. Smith candidly admitted that, after an initial review of the pleadings and a basic Google search, he had some reservations not only about his ability to get up to speed on the case in time for trial, but also – separate from that issue – about whether he could undertake representation of Collingsworth in these matters. Nonetheless, he agreed to make a limited appearance to participate in the telephone hearing.

Smith explained that he would be willing to undertake the representation if (1) he and Collingsworth could work out an appropriate approach at trial and (2) a continuance is granted. So, Smith indicated that before he could appear as counsel and represent these Defendants at trial, he would need to make certain of two things. First, he would need time to adequately prepare for a trial. Second, in light of his review of certain pleadings in this case, Smith shared he had concerns and reservations. He candidly advised the court that before he could undertake any representation he and Collingsworth would need to sit down face-to-face and discuss his reservations and determine if they could agree about how the case would be handled and the positions they could ethically and properly take at trial. It follows that whether Smith ultimately is willing and able to appear in more than a limited scope in this case depends on factors in addition to a trial

8

continuance.

During the hearing, and in its papers, Drummond adamantly opposed a continuance. After all, and again, these cases are each over a decade old and the trial date has been set for months. The court attempted to accommodate all parties' interests and explored other options to maintain the trial date. In response to the court's questions, Smith stated he would be open to broadening his special appearance to include a role questioning Collingsworth (with the clear understanding he would have to work out how that examination could be undertaken to professionally ensure that what would be presented to the trier of fact was appropriate).

Finally, for context, the court notes that Collingsworth's previous Motion seeking a stay of the trial in this case pending the outcome of the Colombian Criminal Trial, stated that he "must be able to assist with the Colombian Criminal Trial [because] [he] is the person most familiar with the evidence supporting the fact that Drummond has been financing the AUC's crimes against humanity since 1995, and that Drummond directly conspired with the AUC to murder Drummond's union leaders[.]" (Doc. # 860 at 7). This is also the basis for his "truth" defense in the Defamation case (11cv3695). Therefore, it is – or at least was – apparently Collingsworth's position that he is the attorney most knowledgeable about the evidence supporting his truth defense.

## II. Legal Standard and Analysis

The decision to grant a continuance is within the sound discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991). "[T]he exercise of discretion by the trial court will be disturbed only in extreme cases[.]" *Scarfone*, 939 F.2d at 1479 (quoting *Grunewald v. Missouri Pacific R.R.*, 331 F.2d 983, 986 (8th Cir.1964) (alterations in

original). In exercising its discretion in ruling on a motion to continue, the Eleventh Circuit has said a trial court must consider the following factors:

> (1) the moving party's diligence in its efforts to ready its case prior to the [trial date];
>
> (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted;
>
> (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and
>
> (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.

*Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir.2008) (quoting *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005) (alterations in *Romero*)).

### A.     Defendants' Diligence in Their Efforts to Ready This Case for Trial

In their Motion, Collingsworth and IRAdvocates mistakenly focus on their diligence in seeking replacement counsel. (Doc. # 1041). Rather, the issue is whether they were diligent in readying this case for trial. *See DeBose v. Univ. of S. Fla. Bd. of Trs.*, 2018 WL 8919849, at *1 (M.D. Fla. Sept. 2, 2018). In *DeBose*, the court noted:

> Plaintiff has been anything but diligent in her attempts to ready this case for trial. To the contrary, since the entry of the Court's summary judgment order almost a year ago, nearly all of Plaintiff's actions have had the purpose and effect of thwarting the timely and efficient trial of this case.

*Id*. The court indicated the motions that the plaintiff had filed "request[ed] that the Court either reconsider, vacate, modify, and/or certify its summary judgement order." *Id*. And, the plaintiff "twice attempted to have the undersigned recuse herself from presiding over this action." *Id*. at *2. She also filed "two 'emergency' motions to continue the trial date." *Id*. The *DeBose* court concluded that "Plaintiff ha[d] in no way been diligently moving this case towards trial." *Id*.

10

Here, after the court had resolved the Motions for Summary Judgment and the Spoliation Sanctions issue, and it was clear these cases were headed to trial, Collingsworth and IRAdvocates took similar steps in these cases as were attempted in *DeBose*. They (1) moved to have the undersigned recused, (2) moved to stay the trial, and (3) filed the current Emergency Motion to Continue. Even after the conflict between them and C&S and Scherer had crystallized no later than July 2025 (when C&S and Scherer sought separate trials due to an assertion of prejudice brought on by "guilt by association"), Collingsworth and IRAdvocates made no apparent effort to retain separate counsel to assist them at trial. On this record, the court cannot conclude that Collingsworth and IRAdvocates have been diligent in moving this case toward trial.

This factor does not weigh in favor of a continuance.

### B.    The Likelihood That the Need for a Continuance Would Be Remedied by a Continuance

Collingsworth and IRAdvocates argue that the December 1 trial date has been the reason at least three lawyers have refused to even consider representing them. What they have *not* presented evidence about is that any lawyer *would* agree to represent them at trial if only the trial were continued. Indeed, Smith's candor with the court shows that there are other obstacles to counsel undertaking representation. He has made clear he has concerns and reservations in undertaking representation after reviewing aspects of the case file. Thus, the likelihood that the need for a continuance would be remedied by the continuance "is, at best, speculative." *DeBose*, 2018 WL 8919849, at *2.

Moreover, Collingsworth is a lawyer with thirty-five years of experience. He has filed and litigated cases in this court since 2002. He has tried cases (against Drummond, nonetheless) to a verdict in this courthouse. Nearly ten years ago, he made the decision to represent both himself

11

and IRAdvocates in these cases. And, as of the date of his motion, he still had over six weeks to prepare for trial.

Furthermore, this court is very familiar with the facts of these cases and this litigation. They have been expensive to litigate. Indeed, a number of lawyers, including most recently Badham & Buck, sought to withdraw from representing Collingsworth and IRAdvocates because Collingsworth and IRAdvocates "d[id] not have the financial ability to continue paying [them] to defend this case." (*See, e.g.* Doc. # 464). At that time, Collingsworth noted that he was "not in a position to continue to compensate" counsel. (Doc. # 473 at 5).

Even if a continuance is granted, there is no indication that Collingsworth and IRAdvocates will be in a position to compensate counsel, so whether *any* counsel would agree to appear on their behalf is entirely speculative – even without considering the facts of these cases. Thus, Collingsworth and IRAdvocates have not established that a likelihood that the need for a continuance would be remedied by a continuance.

During the telephone hearing, Collingsworth explained that he was concerned about his ability to present his own testimony at trial if he was representing himself. He said he thought that to do so in front of the jury would look incompetent. The court suggested the following compromise (even if Smith were unable to make a general appearance on behalf of Collingsworth): Smith could consider making a limited appearance solely for the purpose of presenting Collingsworth's testimony at trial. Smith agreed to explore these options with Collingsworth. The court allowed Smith and Collingsworth two weeks to explore them and report to the court.

This factor does not weigh in favor of a continuance.

### C. Inconvenience to the Court and Other Parties

Collingsworth and IRAdvocates argue in their Motion and Reply that they should not be "forced to go to trial alone without any outside counsel" (Doc. # 1041 at 2) or "forced to go to trial without *any* lawyer or the support of an outside law firm." (Doc. # 1053 at 5) (emphasis in original). This argument fails to acknowledge at least two things. First, on IRAdvocates's website, Collingsworth is touted as a lawyer with over 35 years of experience who attended Duke University School of Law and has taught at numerous law schools in the United States. Collingsworth has litigated in this court for decades and agreed to represent himself and IRAdvocates in these matters. He and IRAdvocates received over six weeks' notice of the Spotswood Firm's withdrawal, which is sufficient time to either arrange other trial and logistical support or prepare for trial. The criminal lawyers who appear before the court regularly prepare for trial in such a timeframe, and they have to learn the facts of a case anew. Collingsworth has been involved, litigating, and familiar with the facts or these cases from day one. Indeed, he has represented he is the lawyer with the best understanding of Drummond's alleged misconduct. Second, Collingsworth has been representing himself and IRAdvocates in this litigation for nearly ten years now.

Collingsworth and IRAdvocates make much of the inconvenience to them of trying this case without being able to rely on the Spotswood Firm. But nowhere in their filings do they acknowledge (much less address) the inconvenience that a continuance would impose on Drummond or the court – *i.e.*, the Eleventh Circuit's third factor.

Drummond has explained that in reliance on the December 1, 2025 trial date, it has "spent a small fortune in trial preparation, and would be prejudiced if a continuance were granted." (Doc.

# 1052 at 12). They have been "arranging for numerous witnesses who live outside the subpoena power of the Court to appear live at trial," note that witnesses have already claimed not to remember some of the relevant events, and further state any more delay would only exacerbate that issue. Thus, a continuance would impose a significant burden on Drummond. *See, e.g., Rodriguez v. Whitestone Grp., Inc*., 2014 WL 11878380, at *3 (S.D. Fla. May 2, 2014) (finding that the defendant would be prejudiced if the court were to continue the trial after two pretrial conferences and five days before trial was set to begin).

Further, in these circumstances the inconvenience a continuance would impose on the court is also extraordinary. It is very difficult for any court to find the time on its calendar to try a case that is estimated to take four to six weeks. Since July, the court has been holding the entirety of December for this trial. (Doc. # 871). And "[m]oving this case would [] force the [c]ourt to [] postpone the trial until a date far enough in the future that its calendar is not already filled, which would be in direct contravention of the [c]ourt's interest in the expeditious disposition of its pending caseload." *DeBose*, 2018 WL 8919849, at *4 (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983) (having to re-assemble witnesses, lawyers, and jurors at the same place at the same time counsels against continuances except for compelling reasons)).

The court was already in the process of summoning two-hundred and fifty jurors for this trial. The undersigned has given notice to the President and the other members of this court that he will be taking senior status as of January 1, 2026, and has planned on reducing his caseload at least to some extent after that date. As the court has noted before, "[t]his court's colleagues, quite understandably, would look none to favorably on the undersigned if he ducked his obligation to manage these cases that have such a long and tortuous history." (Doc. # 854 at 5). Finally, this

14

court has institutional knowledge regarding these cases developed over the decade and a half that would be impossible to replicate. Asking another judge to try these cases at some further date would simply be inefficient and unfair. Therefore, a continuance of the December 1, 2025 trial date would impose an extraordinary inconvenience on the court.

This factor does not weigh in favor of a continuance.

### D.     Harm to Moving Party

Collingsworth and IRAdvocates argue that they don't have the capacity to try this case without assistance, they should not be "forced to go to trial alone without any outside counsel," and they would be deprived of their choice of counsel. (Doc. # 1041 at 2-3). In their Reply, they note that Drummond negotiated a non-cooperation provision that prevents the Spotswood Firm from providing assistance to them in this case. (Doc. # 1053 at 3). They further speculate that "[t]here are likely other conditions in the ethically questionable Drummond settlement agreement that create barriers to Defendants Collingsworth and IRAdvocates' efforts to prepare for trial" and baselessly state that "Drummond should be required to provide that agreement to the Court and to Defendants." (Doc. # 1053 at 3).

But this situation does not involve a *pro se* litigant unschooled in the law. Again, Collingsworth has 35 years of legal experience. He has taught at numerous law schools in the United States. He has been litigating in this court since he filed his first case here in 2002. Nearly a decade ago, he signed on to represent himself and IRAdvocates in these matters. (Docs. # 470, 473 at 5-7). The fact that Collingsworth now says he failed to prepare to independently try this case, even after C&S's July 22, 2025 Motion to Preclude Consolidated Trials (wherein it argued "consolidated trials would unfairly prejudice C&S" and "consolidated trials pose a classic risk of

guilt by association" (Doc. # 872 at 5)), "does not establish the requisite good cause for a continuance." *DeBose*, 2018 WL 8919849, at *2 ("Any inconvenience, disadvantage, or incompleteness of presentation that [*pro se*] Plaintiff's lack of preparation places on her does not establish the requisite good cause for a continuance.").

Finally, as discussed above, "whether a continuance would, in fact, provide an adequate opportunity for [Collingsworth and IRAdvocates], who ha[ve] been [represented by Collingsworth] for [almost ten years], to find a lawyer is entirely speculative." *Id*. at *5. As discussed above, the court has presented Collingsworth with a potential solution to consider that would alleviate at least some of his perceived prejudice.

This factor does not weigh in favor of a continuance.

**III.    Conclusion**

After careful review, and with the benefit of oral argument, the court finds that a continuance is not warranted. As discussed above, none of the relevant factors weigh in favor of continuing the trial of these cases. Collingsworth is an experienced lawyer who, prior to these cases, chose to file suit and litigate in this court. Collingsworth has been actively involved not only litigating these case, but also in the development of the underlying facts of the cases. He has been the sole lawyer representing himself and IRAdvocates for almost ten years and should have been preparing to try the case without relying on counsel for co-defendants who had moved the court for separate trials.

The Emergency Motion filed by Collingsworth and IRAdvocates to Continue December 1, 2025 Trial Date (Case No. 2:11-cv-3695-RDP ("Defamation"), Doc. # 1049; Case No. 2:15-cv-00506-RDP ("RICO"), Doc. # 557) is **DENIED**.

Regarding the court's proposed compromise regarding the presentation of Collingsworth's testimony at trial, **on or before November 14, 2025**, Collingsworth and attorney Richard Smith **SHALL** submit to the court an *in camera* joint report regarding their exploration of this idea and any agreements or conclusions reached.

**DONE** and **ORDERED** this November 3, 2025.

_____<br>
**R. DAVID PROCTOR**<br>
CHIEF U.S. DISTRICT JUDGE