# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC. <br><br> v. <br><br> TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:11-cv-3695-RDP <br> (*Defamation*) |
| DRUMMOND COMPANY, INC., et al. <br><br> v. <br><br> TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:15-cv-0506-RDP <br> (*RICO*) |

**DRUMMOND'S REVISED ITEMIZED DAMAGES LIST**

William Anthony Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

Sara E. Kropf
Kropf Moseley Schmitt
1001 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

3425762.1

Drummond Company, Inc. and Drummond Ltd. (collectively "Drummond") file this Revised Itemized Damages List pursuant to § 6(c)(iv) of the Court's Pretrial Order (*Defamation* Doc. 921 / *RICO* Doc. 443).

## I. DEFAMATION DAMAGES

### A. Presumed damages

Drummond seeks presumed damages in an amount to be determined by the jury. Drummond notes that Alabama courts have repeatedly affirmed presumed and punitive damages awards in the millions of dollars. *See, e.g., Pensacola Motor Sales, Inc. v. Daphne Automotive, LLC*, 155 So. 3d 930 (Ala. 2013).[1]

### B. Punitive damages

Drummond seeks punitive damages in an amount to be determined by the jury. *Pensacola Motor Sales*, 155 So. 3d 930.[2]

Drummond notes that this Court will address Drummond's pending renewed motion for sanctions (*Defamation* Doc. 775) following trial. *Defamation* Doc. 847 at 4 of 4. In its renewed sanctions motion, Drummond "requests that it be awarded all of its costs and attorneys' fees incurred in this case (or, at the very least, those incurred after entry of this Court's October 15, 2013 Order), along with such other relief the Court deems appropriate." *Defamation* Doc. 775 at

---

[1] As this Court held, "Alabama courts consistently and uniformly recognize that a plaintiff need not prove special or compensatory damages where he or she is the subject of defamation per se. *Tanner v. Ebbole*, 88 So. 3d 856, 872 (Ala. Civ. App. 2011). 'Once a communication is found to be slanderous per se, a plaintiff may recover nominal or compensatory damages without proof of actual harm to his reputation or proof of any other harm.' *Delta Health Grp., Inc. v. Stafford*, 887 So. 2d 887, 897 (Ala. 2004) (citing *Nelson v. Lapeyrouse Grain Corp.*, 534 So.2d 1085, 1092 (Ala. 1988) (quoting W. Prosser and W. Keeton, The Law of Torts § 112, at 788 (5th ed. 1984)))." *RICO* Doc. 552 at 12 of 22.

[2] This Court, "which is very familiar with the facts of this case, conclude[d] that a reasonable jury could find that those facts (if proven) are egregious and fully supportive of a significant punitive damages award, even one far exceeding $75,000." *Defamation* Doc. 1039 at 5 of 7.

66 of 67. To be clear, Drummond reserves its right to seek this relief regardless of the damages that may be awarded by the jury on the defamation claim.

## II.   *RICO* DAMAGES

Drummond seeks the following damages on its RICO claims:

| Damages Category | Supporting Exhibits/Method of Calculation | Amount |
|---|---|---|
| Attorneys' fees and litigation costs incurred in *Baloco*, *Balcero*, and *Melo* | PX 1271 (DCI v. TC 087949-087972)<br><br>(Affidavit of Ken Dortch) | $10,936,553.92 |
| Lost coal sales profits | PX 1243 (Expert Report of Pat Markey – DCI v. TC 094069-094501) | $15,553,798.00 |
| Expenses associated with trips to Europe to meet with customers, NGOs, and governmental officials in response to Defendants' extrajudicial smear campaign | PX 1343 (DCI v. TC 088483-088487; 090895-091036)[3] | $164,259.88 |
|  |  | **$26,654,611.80** |

Drummond moved *in limine* "to preclude reference to the RICO Act's treble damages and fee-shifting provisions. C&S and Scherer d[id] not oppose the Motion. (Doc. # 1015 at 1)." *RICO* Doc. 552 at 21 of 22. This Court granted Drummond's motion. *Id.* Accordingly, Drummond will not present argument or evidence to the jury regarding RICO's treble damages or fee shifting

---

[3] More specifically identified as follows:

| Expense Amount | Evidentiary Citation |
|---|---|
| $148,359.31 | November 2016 European trip - PX 1343 at DCI v. TC 088483, 090911, 090933, 090962, 091021 |
| $16,259.58 | June 2016 European trip - PX 1343 at DCI v. TC 090895, 090904, 090907, 090915, 090988, 091008 |

provisions under 18 U.S.C. § 1964(c), but Drummond notes that if the jury returns a verdict in Drummond's favor, Drummond will ask that the jury's award be trebled according to statute and will also provide the appropriate support for a fee-shifting award.

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin T. Presley* | */s/ Sara E. Kropf* |
| William Anthony Davis, III (ASB-5657-D65W) | Sara E. Kropf |
| H. Thomas Wells, III (ASB-4318-H62W) | Kropf Moseley PLLC |
| Benjamin T. Presley (ASB-0136-I71P) | 1100 H. Street NW, Suite 1220 |
| STARNES DAVIS FLORIE LLP | Washington, DC 20005 |
| 100 Brookwood Place, 7th Floor | (202) 627-6900 |
| Birmingham, AL 35209 | |
| (205) 868-6000 | |
| fax: (205) 868-6099 | |

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on **November 25, 2025**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Benjamin T. Presley*
Benjamin T. Presley (ASB-0136-I71P)