# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DRUMMOND COMPANY, INC. et al.,** | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| v. | } | Case No.: 2:11-cv-3695-RDP |
| | } | |
| **TERRENCE P. COLLINGSWORTH,** et al., | } } | |
| | } | |
| Defendants. | } | |

| | | |
|---|---|---|
| **DRUMMOND COMPANY, INC., et al.,** | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| v. | } | Case No.: 2:15-cv-506-RDP |
| | } | |
| **TERRENCE P. COLLINGSWORTH,** et al., | } } | |
| | } | |
| Defendants. | } | |

## ORDER ON DEFENDANTS' MOTION TO RECONSIDER

These matters are before the court on Defendants' Motion to Reconsider the Court's Rulings on Plaintiff's Motion In Limine No. 11. (Case No. 2:11-cv-03695-RDP, Doc. # 1138; Case No. 2:15-cv-00506-RDP, Doc. # 651).

On August 22, 2025, Drummond filed its Motion In Limine No. 11 – Regarding Defendants Referring to Themselves as "Human Rights" Lawyers or Using Other Improper Characterizations. (Doc. # 913). The Motion sought to exclude Defendants from characterizing themselves as "human rights" lawyers or "human rights defenders" or characterizing the defamation case as a SLAPP

lawsuit or "lawfare." On October 14, 2025, the court granted that Motion. (Doc. # 1034 at 21). The court explained that "[s]uch characterizations are irrelevant, prejudicial, and encourage the jury to make a decision based on emotion or speculation rather than evidence." (*Id.*).

Despite the court's careful consideration of that issue, Defendants ask the court to revisit its decision. They argue that "such evidence is relevant to the claims and defenses and not unduly prejudicial." (Doc. # 1138 at 2-3). The court disagrees.

First of all, a characterization is not evidence. The characterizations that Defendants seek to be allowed to use *are* irrelevant and prejudicial. The are blatantly designed to provoke an emotional response from the jury and engender sympathy for Defendants. The appropriate way to address the nature of the underlying cases that Defendants filed against Drummond would be to explain the claims asserted in those cases in evenhanded terms rather than using labels.

Nor can Drummond's Defamation case be considered a SLAPP (Strategic Lawsuit Against Public Participation) lawsuit. First, Alabama does not have an anti-SLAPP statute. Second, the anti-SLAPP statutes prohibit *meritless* defamation claims. For example, "Florida's anti-SLAPP statute prohibits a plaintiff from filing "any lawsuit ... against another person or entity *without merit* and *primarily* because such person or entity has exercised the constitutional right of free speech in connection with a public issue ... as protected by the First Amendment to the United States Constitution and s.5, Art. I of the State Constitution." *Corsi v. Newsmax Media, Inc*., 519 F. Supp. 3d 1110, 1127 (S.D. Fla. 2021) (citing Fla. Stat. § 768.295(3)) (emphasis in original). The court's denial of Defendants' Motion for Summary Judgment in the Defamation case puts to rest the argument that Drummond's Defamation case is either meritless or a SLAPP lawsuit.

Defendants' Motion to Reconsider the Court's Rulings on Plaintiff's Motion In Limine No.

2

11 (Case No. 2:11-cv-03695-RDP, Doc. # 1138; Case No. 2:15-cv-00506-RDP, Doc. # 651) is **DENIED**.

    **DONE** and **ORDERED** this December 2, 2025.

                                                  _/s/ R. David Proctor_
                                                  **R. DAVID PROCTOR**
                                                  CHIEF U.S. DISTRICT JUDGE