IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC.<br><br>v.<br><br>TERRENCE P. COLLINGSWORTH, et al.<br><br>_____<br><br>DRUMMOND COMPANY, INC., et al.<br><br>v.<br><br>TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:11-cv-3695-RDP<br>(*Defamation*)<br><br><br>*Contains Information Designated*<br>*"Confidential" Pursuant to Protective Order*<br><br>Case No. 2:15-cv-0506-RDP<br>(*RICO*) |

**DRUMMOND'S MOTION TO PRECLUDE COLLINGSWORTH FROM OFFERING
EVIDENCE HE WITHHELD AS PRIVILEGED**

William Anthony Davis, III            Sara E. Kropf
H. Thomas Wells, III                  Kropf Moseley Schmitt
Benjamin T. Presley                   1001 H Street NW, Suite 1220
STARNES DAVIS FLORIE LLP              Washington, DC 20005
100 Brookwood Place, 7th Floor        (202) 627-6900
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

1

3449514.2

COME NOW the Plaintiffs Drummond Company, Inc. and Drummond Ltd. (collectively "Drummond") and file this Motion to Preclude Collingsworth from Offering Evidence He Withheld as Privileged.

## PROCEDURAL HISTORY

The first two hours of Collingsworth's cross-examination on Friday, December 12th, elicited testimony from him regarding his purported investigation of the claims asserted in the first case (*Romero*) he filed against Drummond. For example, Collingsworth testified extensively regarding a purported meeting that he claims to have attended in April 2001 in Barranquilla, Colombia, as part of his investigation of the facts in the *Romero* case. Collingsworth was also specifically asked whether he relied on his investigation of the facts in *Romero* when forming his subjective belief regarding the truth of his defamatory letters, and Collingsworth responded "yes."

Drummond served multiple discovery requests calling for information and documents that Collingsworth contends support his subjective belief in the "truth" of the defamatory letters. *See Defamation* Doc. 43-10 (Defendants' 2nd Amended Response to Drummond's 1st RFPs) at Nos. 1, 3, 4, 5, 12, 26-30, and 90.[1] In response, Collingsworth argued that his "internal notes and attorney communications" were privileged and discovery into this area "invades the attorney work-product protections because it seeks to trace counsel's entire investigative process." *Defamation* Doc. 46 at 11. Collingsworth also objected to Drummond's request for production of his *Romero* file on the grounds that it "improperly seeks internal legal work product that is protected by the

---

[1] *See, e.g., id.* at 1st RFP No. 1 ("All documents which Defendants assert support the veracity of the statement that Colombian citizens 'had a family member murdered by paramilitary forces working on behalf of Drummond.'"); at No. 30 ("All documents which Defendants assert support the veracity of the statement that any past or present Drummond employee, including, but not limited to, James Adkins and Alfredo Araujo, 'paid the AUC to murder the union leaders.'"); at No. 90 ("Defendants' entire file pertaining to *Estate of Rodriguez v. Drummond Co., Inc.*, CV-02-BE-0665-W.").

2

attorney-client privilege and/or the attorney work product doctrine." *Defamation* Doc. 43-10 at p. 38 of 39.

At the October 15, 2013 hearing in the *Defamation* case, Drummond explained: "What we are seeking and which is critically at issue in this case is Mr. Collingsworth's subjective beliefs as to the truth of the testimony that he relies on for the truth of the statements in his letters. … [T]he entire issue is what Mr. Collingsworth knew and believed and that we can show to a jury what he should have believed at the time he wrote the letters. And this type of information Drummond has an absolute substantial need; cannot get it from anywhere else but from Mr. Collingsworth's own pen." *Defamation* Doc. 63 (Oct. 15, 2013 Hrg. Tr.) at 18:9-12; 21:22-22:3. In a supplemental brief filed on December 6, 2013, Collingsworth argued that "it would be inappropriate to allow Drummond to learn Mr. Collingsworth's thoughts and impressions about witnesses, especially while the related human rights cases are pending against Drummond." *Defamation* Doc. 80 at p. 5 of 24.

On October 2, 2014, Drummond served its 4th Requests for Production and Interrogatories on Collingsworth. Ex. 1. Interrogatory Nos. 4, 5, and 6 specifically asked Collingsworth to identify all materials he contends "supported Defendants' subjective belief in the truth of the statements made in the" defamatory letters:

> 4. Identify (by Bates number if available, or specific description if not) every document, communication, statement (written or verbal), testimony, evidence, or other piece of information Defendants contend supported Defendants' subjective belief in the truth of the statements made in the January 18, 2011 Letter.
>
> 5. Identify (by Bates number if available, or specific description if not) every document, communication, statement (written or verbal), testimony, evidence, or other piece of information Defendants contend supported Defendants' subjective belief in the truth of the statements made in the February 4, 2011 Letter.
>
> 6. Identify (by Bates number if available, or specific description if not) every document, communication, statement (written or verbal), testimony, evidence, or

3

other piece of information Defendants contend supported Defendants' subjective belief in the truth of the statements made in the September 19, 2011 Letter.

*Id.*

Collingsworth refused to respond and asserted the following objection to each of these interrogatories:



Ex. 2 (Collingsworth and C&S's Responses to 4th Irogs) (emphasis added). Collingsworth *never* withdrew his objections to these discovery requests. Nor did he ever provide substantive responses. Defendants also never filed a motion seeking to "establish[] the boundaries for responding to any discovery request or deposition question implicating their mental state." *Id.*

Collingsworth's refusal to produce this information continued through the crime-fraud evidentiary hearing in September 2015, when the Court told Collingsworth and C&S that they

3449514.2

"could waive the work product privilege and bathe in the sunlight. But you're choosing not to do that, and that's proper, like I said, at least for now." *Defamation* Doc. 389 (Crime-Fraud Hrg. Tr.) at 88:17-20. In December 2015, this Court ruled that the crime-fraud exception applied and allowed discovery into certain limited areas. *Defamation* Doc. 417 (Crime-Fraud Op.) at pp. 28-38 of 50.[2] Importantly, the Court did ***not*** hold that the crime-fraud exception defeated Collingsworth's privilege objection with respect to material relating to his "subjective belief" in the purported truth of his defamatory letters. *Id.* Indeed, Collingsworth and C&S heavily redacted as "Work Product" or "Privileged" documents they subsequently produced pursuant to the crime-fraud exception to withhold information they determined was outside the scope of discoverable information pursuant to the crime-fraud exception.

Collingsworth made a strategic choice in this litigation not to "bathe in the sunlight" and to withhold as privileged material relating to his "subjective belief" in the truth of his defamatory letters. One consequence of that choice is that Collingsworth cannot now testify at trial regarding what formed his "subjective belief" unless that testimony directly relates to information or a document that was produced to Drummond in discovery. Allowing Collingsworth to go beyond what was produced in discovery turns Collingsworth's privilege objection—which was never withdrawn—into both a sword and a shield. As explained below, that is improper under settled law.

---

[2] Those categories were: "1. Information and Communications Related to Ivan Otero", "2. The Withholding and Redaction of Documents Produced by Defendants in May 2014 which Reflected Payments to El Tigre and Samario", "3. Drafting of Pleadings and Papers that Include Misrepresentations Regarding the Scope, Nature and Extent of Witness Payments", "4. The 'Deps in the Can' Email", "5. Paul Wolf", "6. Collingsworth's Disclosure of Payments to El Tigre, Samario, and Blanco to his counsel", "7. Defendants' Consultant", "8. Collingsworth's Communications with Albert van Bilderbeek Regarding Payments to Jaime Blanco", and "9. Defendants' Searches for Documents." The Court further found that "the following categories of information are related to the allegations of crimes or frauds in this action, and are due to be reviewed in camera by the Special Master for relatedness to: (1) direct or indirect payments to Colombian witnesses; (2) discussions about such payments with counsel for Defendants (or co-counsel) in the Gomez and Wichmann cases; and/or (3) the disclosure of these witness payments to opposing counsel or to the Gomez or Wichmann courts." *Id.* at 48 of 50.

5

## LEGAL ARGUMENT

**I.    COLLINGSWORTH CANNOT USE PRIVILEGE AS BOTH A SWORD AND A SHIELD.**

"[I]t is simply not fair to allow a party to wield the work-product protection as a sword to cut out the heart of an opposing party's case while simultaneously brandishing it as a shield from disclosure of any Achilles heels."  *Stern v. O'Quinn*, 253 F.R.D. 663, 677 (S.D. Fla. 2008) (collecting cases).  Stated another way, "a party 'may not use the privilege to prejudice his opponent's case' by preventing the disclosure of damaging communications while 'disclos[ing] some selected communications for self-serving purposes.'"  *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1313 (11th Cir. 2021) (quoting *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994)).

That is exactly what is now happening.  Virtually all of Collingsworth's cross-examination thus far has focused on his purported investigation in *Romero*.  Notably, Collingsworth's counsel directly asked him whether he relied on his investigation of the claims in *Romero* in forming his belief that the statements in his defamatory letters were true, and Collingsworth responded "yes."  As explained above, Drummond's interrogatories called for this information and Drummond also served a request for production expressly calling for his *Romero* case file.  In response, Collingsworth objected and refused to answer citing privilege.  "Having made that choice, [Collingsworth] could not then 'convert the privilege from [a] shield . . . into a sword' by putting his version of the facts into [trial testimony] and avoiding cross-examination." *FTC v. Williams, Scott & Assocs., LLC*, 679 F. App'x 836, 838 (11th Cir. 2017) (citing *United States v. Rylander*, 460 U.S. 752, 758 (1983)).

"Put simply, [Collingsworth] cannot have it both ways." *Osman v. Youngs Healthcare, Inc.*, Civil Action No. 1:21-cv-639 (RDA/WEF), 2023 U.S. Dist. LEXIS 27002, at *15-16 (E.D. Va. Feb. 16, 2023). He "cannot refuse to produce documents due to [ ] privilege and then turn around and waive the privilege" at trial. *Id.* "Having asserted privilege over" information and materials sought by Drummond, Collingsworth now "is precluded from using those communications at trial, even for rebuttal or impeachment purposes." *Id.* (collecting cases). *See also RL BB Fin., LLC v. Robinette*, No. 3:11-CV-49, 2013 U.S. Dist. LEXIS 191146, at *8-9 (E.D. Tenn. Mar. 26, 2013) ("the Roswalls cannot have it both ways; they cannot seize upon the privilege to withhold relevant information and evidence during pretrial discovery and then testify or otherwise offer into evidence at the trial the same information and documents. Therefore, neither of them may testify at trial about any matter which they declined to reveal during discovery in reliance upon the privilege, nor may they offer such matters into evidence through another witness or by tangible exhibit.").

### II.   RULE 37 PRECLUDES COLLINGSWORTH'S TESTIMONY.

Exclusion of testimony by Collingsworth regarding information not disclosed in discovery in response to Drummond's discovery requests is warranted under Rule 37, which provides that if "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence … at trial . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing or on a motion, such as one under Rule 56 [for summary judgment]." Fed. R. Civ. P. 37 advisory committee notes to 1993 amendment; *see also Walls v. Paulson*, 250 F.R.D. 48, 53–54 (D.D.C. 2008) (noting that this sanction is "automatic and mandatory").

7

### III. HOLDING COLLINGSWORTH TO THE CONSEQUENCES OF HIS STRATEGIC DECISION WILL STREAMLINE TRIAL.

Holding Collingsworth to the consequences of his strategic decision to claim privilege over materials relating to his subjective state of mind will have the added benefit of streamlining trial because it will (i) require Collingsworth to focus on the evidence actually produced in this litigation, and (ii) avoid self-serving, non-responsive narrative answers to questions in which Collingsworth gratuitously offers up information regarding his purported investigation of claims in the underlying cases that he refused to produce during discovery (and that Drummond cannot, therefore, fact check with anything disclosed in discovery).

### CONCLUSION

Drummond requests that the Court preclude Collingsworth from testifying or otherwise offering evidence that bears on his subjective state of mind which he withheld as privileged unless that information and/or evidence was produced in discovery.

| | |
|---|---|
| */s/ Benjamin T. Presley* | */s/ Sara E. Kropf* |
| William Anthony Davis, III (ASB-5657-D65W) | Sara E. Kropf |
| H. Thomas Wells, III (ASB-4318-H62W) | KROPF MOSELEY SCHMITT |
| Benjamin T. Presley (ASB-0136-I71P) | 1100 H. Street NW, Suite 1220 |
| STARNES DAVIS FLORIE LLP | Washington, DC 20005 |
| 100 Brookwood Place, 7th Floor | (202) 627-6900 |
| Birmingham, AL 35209 | |
| (205) 868-6000 | |
| fax: (205) 868-6099 | |

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

## CERTIFICATE OF SERVICE

      I hereby certify that on **December 13, 2025**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                            */s/ Benjamin T. Presley*
                                            Benjamin T. Presley (ASB-0136-I71P)

3449514.2