FILED

2026 Jan-12  PM 07:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DRUMMOND COMPANY, INC. | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-3695-RDP |
| | ) | (*Defamation*) |
| TERRENCE P. COLLINGSWORTH, et al. | ) | |
| | ) | |
| —————————————— | ) | |
| DRUMMOND COMPANY, INC., et al. | ) | Case No. 2:15-cv-0506-RDP |
| | ) | (*RICO*) |
| v. | ) | |
| TERRENCE P. COLLINGSWORTH, et al. | ) | |
| | ) | |

## DRUMMOND'S MOTION TO ENFORCE
## ALABAMA AND FEDERAL SET OFF LAW[1]

William Anthony Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

Sara E. Kropf
Kropf Moseley Schmitt
1001 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

---

[1] Drummond is filing this motion now to ensure both the Court and opposing counsel have sufficient notice of the issue to fully analyze it before the time comes for any set off. But, as the issue of set off will not be addressed until after trial, Drummond does not believe that this issue needs to be taken up until after the jury's verdict. In other words, Drummond is **not** requesting that this issue be taken up in chambers while trial is ongoing.

1

3467771.2

COME NOW the Plaintiffs Drummond Company, Inc. and Drummond Ltd. ("Drummond") and move the Court to enforce settled state and federal law to the application of any set off in this matter. Under both state and federal law, set off would only apply to damages common to both Collinsworth and the settling parties, which would exclude punitive damages. And set off for any other damages is only available to the extent Drummond has **received payment** from the settling parties. In support of this motion, Drummond states as follows:

### ARGUMENT

**I.    SET OFF ONLY APPLIES TO PAYMENTS RECEIVED BY DRUMMOND PURSUANT TO THE PRO TANTO SETTLEMENTS**

It is horn book law that any set off resulting from a pro tanto settlement agreement is not determined by the total amount set forth in the settlement agreement, but rather only applies to payments actually made to Drummond pursuant to the agreement. The Restatement of Torts provides that: "A **payment** by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the **payment** made[.]" Restatement 2d of Torts, § 885(3) (emphasis added). The comments to this section further emphasize that "[p]ayments made by one of the tortfeasors on account of the tort either before or after judgment, diminish the claim of an injured person against all others responsible for the same harm." *Id*. (emphasis added) Likewise, the Restatement of Judgments states that "[w]hen a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based . . . [a]ny consideration **received** by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value **received**, the liability to the judgment creditor of all other persons liable for the loss." Restatement 2d of Judgments, § 50 (emphasis added).

2

3467771.2

Alabama treatises also recognize this settled rule. Alabama Tort Law provides that non-settling tortfeasors "may plead the release as a bar <u>to that amount **paid** by the released tortfeasors,</u> or may place it in evidence <u>to show **payment** for the injury up to the amount of release.</u>" 2 Alabama Tort Law § 36.06. Stated differently, Alabama Law of Damages, as quoted by the Alabama Supreme Court, describes the rule as follows: "If the plaintiff gets recovery from one joint tortfeasor and pursues the other tortfeasor, . . . the latter can claim set-off or credit against the plaintiff <u>for any sums **paid** by the other tortfeasor.</u>" *Ex parte Goldsen*, 783 So. 2d 53, 57 (Ala. 2000) (quoting Alabama Law of Damages § 10-4 at 101 (4th ed. 1999)).

This rule makes common sense. If the settling defendant fails to pay all of what was contractually agreed to, recovering the unpaid amount plus whatever remains of the judgment from the non-settling defendant would result in the plaintiff receiving nothing more than full compensation for his loss. As set forth below, both Alabama and federal courts have adopted this rule and limit set off of a judgment against a non-settling defendant to the amount the plaintiff has actually received from a settling defendant.

### A.   Alabama courts limit setoff to payments received by the plaintiff

The Alabama Supreme Court has repeatedly held that set off only applies to the amount paid by the released tortfeasor. "It is settled law that a person injured by joint tort-feasors may release one or more pro tanto. The tort-feasors may then plead the release as a bar <u>to that amount **paid** by the released tort-feasor</u> or may place it in evidence, <u>showing **payment** for the injury</u> up to the amount shown in the release." *Campbell v. Williams*, 638 So. 2d 804, 812 (Ala. 1994) (citing *Bucyrus-Erie Co. v. Von Haden*, 416 So. 2d 699, 702 (Ala. 1982) and *Anderson v. Kemp*, 184 So. 2d 832 (1966)) (emphasis added). Likewise, in *Ex parte Goldsen*, the Alabama Supreme Court held that a non-settling tortfeasor is entitled to have the damages award against it offset by

3467771.2

any amount of proceeds the plaintiff has <u>recovered</u> through a pro tanto settlement with a joint tortfeasor, quoting the rule state in the Restatement (Second) of Torts, § 885(3).  783 So. 2d 53, 55-56 (Ala. 2000).

That set off is limited to payments received has since been applied by other Alabama courts, including the Alabama Civil Court of Appeals in *Lowry v. Garrett*, among others.  792 So. 2d 1119, 1122 (Ala. Civ. App. 2001) (recognizing that the Alabama Supreme Court has held that non-settling tortfeasors are entitled to have damage awards against them offset by amounts actually <u>received</u> through settlement); *Shankles v. Moore*, 205 So. 3d 1253, 1259-60 (Ala. Civ. App. 2016) (same).

**B.      Federal courts also limit setoff to payments actually received by the plaintiff**

Federal courts also recognize that any set off resulting from pro tanto settlements only applies to payments actually received—including in cases involving federal RICO claims.  In fact, the United State Supreme Court has stated: "It has been said that all courts are agreed upon such a rule."  *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 503 (1964) (citing Restatement of Torts § 885(3) and discussing its applicability in a patent infringement case). Consistent with the Supreme Court's observation, the Eleventh Circuit has applied this rule in federal causes of action.  *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1277-78 (11th Cir. 2008) (finding that the plaintiffs were "entitled to a reduction in the judgment against them by the amounts **<u>received</u>** by BUC in settlement of claims for the same injury.") (emphasis added).  Federal courts have also applied this rule in federal RICO cases. *UTHE Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 759-60 (9th Cir. 2015) ("Notwithstanding RICO's provision of treble damages, the one satisfaction rule also applies. . . . A corollary principle of the one satisfaction

3467771.2

rule is that **payment** made by a joint tortfeasor diminishes the claim against the remaining tortfeasors.") (emphasis added).

## II.    SET OFF DOES NOT APPLY TO PUNITIVE DAMAGES

One important caveat to the set off rule is that it only applies to common damages. *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989).  Thus, "a judgment for punitive damages is *not* set off by a satisfied judgment for *compensatory* damages." *Bonds v. Hyundai Motor Co.*, No. 1:14-CV-330-KOB, 2019 U.S. Dist. LEXIS 43561, at *6 (M.D. Ala. Mar. 18, 2019) (citing *Hood v. Murray*, 547 So. 2d 75, 79-80 (Ala. 1989)); *see also Norton v. Bumpus*, 127 So. 907, 908 (1930) ("where the plaintiff's action is one in which he may recover punitive or vindictive damages, such action sounds in damages merely, and it is not subject to a plea of set-off"); *Ratner v. Sioux Nat. Gas Corp.*, 719 F.2d 801, 804 (5th Cir. 1983) ("[T]he rationale of the 'one satisfaction' rule is usually inapposite to punitive damages.").  This is because:

> The purpose of the rule is to ensure that a plaintiff receives no more than full compensation for his loss.  A plaintiff awarded punitive damages has been given the right to receive more than "one satisfaction."  The award of punitive damages is unconcerned with compensation; it is intended to punish the wrongdoer and to deter the commission of similar offenses in the future.

*Ratner*, 719 F.2d at 804 (internal citations omitted).  Thus, to the extent any judgment against Collingsworth awards punitive damages, they are not to be set off whatsoever.

## CONCLUSION

For all the foregoing reasons, Drummond respectfully requests that the Court enforce settled state and federal law to the application of any set off in this matter.

5

3467771.2

Respectfully submitted,


/s/ Benjamin T. Presley                               /s/ Sara E. Kropf
William Anthony Davis, III (ASB-5657-D65W)      Sara E. Kropf
H. Thomas Wells, III (ASB-4318-H62W)            Kropf Moseley PLLC
Benjamin T. Presley (ASB-0136-I71P)             1100 H Street NW, Suite 1220
STARNES DAVIS FLORIE LLP                        Washington, DC 20005
100 Brookwood Place, 7th Floor                  (202) 627-6900
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

6

3467771.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on **January 12, 2026**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Benjamin T. Presley
Benjamin T. Presley (ASB-0136-I71P)

7

3467771.2