FILED

2026 Mar-31  PM 05:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DRUMMOND COMPANY, INC. | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-3695-RDP |
| | ) | (*Defamation*) |
| TERRENCE P. COLLINGSWORTH, et al. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| DRUMMOND COMPANY, INC., et al. | ) | Case No. 2:15-cv-0506-RDP |
| | ) | (*RICO*) |
| v. | ) | |
| | ) | |
| TERRENCE P. COLLINGSWORTH, et al. | ) | |
| | ) | |

## DRUMMOND'S RESPONSE TO CHRISTIAN & SMALL, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS TERRENCE P. COLLINGSWORTH AND INTERNATIONAL RIGHTS ADVOCATES

William Anthony Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

Sara E. Kropf
KROPF MOSELEY SCHMITT
1100 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

3552599.3

COME NOW the Plaintiffs Drummond Company, Inc. and Drummond Ltd. ("Drummond") and file this Response to Christian & Small, LLP's ("Christian & Small") Motion to Withdraw as Counsel for Defendants Terrence P. Collingsworth and International Rights Advocates (*RICO* Doc. 746 / *Defamation* Doc. 1236) (the "Motion to Withdraw").

1. Christian & Small's Motion to Withdraw vaguely states that "[c]ircumstances have arisen that require Counsel to terminate representation of Collingsworth and IRA in accordance with Alabama Rule of Professional Conduct 1.16." *RICO* Doc. 746, ¶ 1.

2. Alabama Rule of Professional Conduct 1.16 governs the withdrawal of counsel. In its entirety, Rule 1.16 states as follows:

**(a)** Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client, if:

**(1)** The representation will result in violation of the Rules of Professional Conduct or other law;

**(2)** The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

**(3)** The lawyer is discharged.

**(b)** Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

**(1)** The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

**(2)** The client has used the lawyer's services to perpetrate a crime or fraud;

**(3)** The client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

**(4)** The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

**(5)** The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

**(6)** Other good cause for withdrawal exists.

**(c)** When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

**(d)** Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

Ala. Rule of Prof. Conduct 1.16.[1]

3.      As Rule 1.16 makes clear, withdrawal is mandatory in some circumstances. *See* Rule 1.16(a)(1) ("a lawyer *shall* … withdraw from the representation of a client if: (1) The representation will result in violation of the Rules of Professional Conduct or other law") (emphasis added).  In other circumstances, withdrawal is permissive. *See, e.g., id.* at subsection (b)(4) ("a lawyer *may* withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if … The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled") (emphasis added).

4.      This Court "has discretion to decide whether to grant a withdrawal motion, but before granting a motion, '"it is incumbent on the court to assure that the prosecution of the lawsuit is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause."'" *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, 2:18-cv-01479-KOB, 2020 U.S.

---

[1] Northern District of Alabama Local Rule 83.1(f) states: "Each attorney who is admitted to the bar of this court or who appears in this court pursuant to subsection (b) or (c) of this Rule is required to be familiar with, and shall be governed by, the Local Rules of this court; and, to the extent not inconsistent with the preceding, the Alabama Rules of Professional Conduct adopted by the Alabama Supreme Court; and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct, except Rule 3.8 (f) thereof."

3552599.3

Dist. LEXIS 224423, at *5 (N.D. Ala. Dec. 1, 2020) (quoting *Mekdeci By & Through Mekdeci v. Merrell Nat. Labs., a Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1511-12 (11th Cir. 1983), quoting in turn *Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981)).

5.      On March 30, 2026, Drummond's counsel spoke with Defendants' counsel and inquired as to the basis for Christan & Small's Motion to Withdraw, noting that Rule 1.16 contemplates various reasons that may constitute good cause warranting withdrawal. Drummond also made clear that it would oppose any withdrawal which delays this litigation. In response, Mr. Bryan stated that he needed to confer with his colleagues before providing specificity regarding Christian & Small's reason(s) for withdrawal.

6.      As of the filing of the response, Christian & Small has not provided any specificity. Accordingly, Drummond is presently unable to determine whether good cause exists permitting Christian & Small's withdrawal. *Mekdeci*, 711 F.2d at 1511-12. To be clear, Drummond opposes and objects to any withdrawal that delays post-trial and post-judgment motions, briefing, rulings, and/or entry of final judgment in the *Defamation* and *RICO* cases. Drummond reserves the right to file a supplemental response to the Motion to Withdraw depending on, *inter alia*, the reason(s) given by Christian & Small for its withdrawal request and any related request by Collingsworth and IRAdvocates that would delay this litigation.

4

3552599.3

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin T. Presley* | */s/ Sara E. Kropf* |
| William Anthony Davis, III (ASB-5657-D65W) | Sara E. Kropf |
| H. Thomas Wells, III (ASB-4318-H62W) | KROPF MOSELEY SCHMITT PLLC |
| Benjamin T. Presley (ASB-0136-I71P) | 1100 H. Street NW, Suite 1220 |
| STARNES DAVIS FLORIE LLP | Washington, DC 20005 |
| 100 Brookwood Place, 7th Floor | (202) 627-6900 |
| Birmingham, AL 35209 | |
| (205) 868-6000 | |
| fax: (205) 868-6099 | |

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **March 31, 2026**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Benjamin T. Presley*
Benjamin T. Presley (ASB-0136-I71P)

5

3552599.3