FILED

2026 Apr-27  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| DRUMMOND COMPANY, INC., and DRUMMOND LTD.,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Case No. 2:15-cv-00506-RDP |
| ) | ("*RICO*") |
| TERRENCE P. COLLINGSWORTH, et al.,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

**<u>INTERNATIONAL RIGHTS ADVOCATES' RULE 50 MOTION
FOR JUDGMENT OR NEW TRIAL ON RICO CLAIMS</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT - Drummond Failed to Establish that IRAdvocates Violated any of the RICO

elements or Can Be Vicariously Liable for RICO Claims................................................. 2

    A.   Employee Liability for Corporate Employer ...................................................... 5

    B.   Agency Liability ................................................................................................. 6

    C.   Alter Ego Liability ............................................................................................. 9

III.  CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Am. Fam. Mut. Ins. Co. v. Tamko Bldg. Prods., Inc.*, 178 F. Supp. 3d 1121 (D. Colo. 2016) ....... 8

*Bivens Gardens Off. Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898 (11th Cir. 1998)..... 4

*Brown v. DirecTV, LLC*, 562 F. Supp. 3d 590 (C.D. Cal. 2021) .................................................... 8

*Cherokee Ins. Co., Inc. v. Sanches*, 975 So.2d 287 (Ala. 2007) .................................................... 6

*Chmielewski v. City of St. Pete Beach*, 890 F.3d 942 (11th Cir. 2018) ......................................... 2

*Cleveland v. Caplaw Enters.*, 448 F.3d 518 (2d Cir. 2006)............................................................ 8

*Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp.*, 575 F.3d 1180 (11th Cir.
    2009)........................................................................................................................................... 7

*Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.,* 528 F.3d 1001 (8th Cir. 2008) ................. 4

*Est. of Raleigh v. Mitchell*, 947 A.2d 464 (D.C. 2008).................................................................. 9, 10

*Henderson v. Charles E. Smith Mgm't, Inc.*, 567 A.2d 59 (D.C. 1989) ................................ 6, 7, 9

*Jackson v. Loews Washington Cinemas, Inc.*, 944 A.2d 1088 (D.C. 2008) ................................... 7

*Judah v. Reiner*, 744 A.2d 1037 (D.C. 2000) ............................................................................ 7, 9

*JVJ Pharmacy Inc.*, 630 B.R. 388 (S.D.N.Y. 2021) ...................................................................... 8

*Kennedy v. W. Sizzlin Corp.*, 857 So.2d 71 (Ala. 2003) ............................................................... 6

*Legg v. Voice Media Grp.*, Inc., 20 F. Supp. 3d 1370 (S.D. Fla. 2014)........................................ 8

*McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241 (11th Cir. 2016).......................... 3

*Moeinpour v. Bd. of Trs. of the Univ. of Ala.*, 762 F. Supp. 3d 1129 (N.D. Ala. 2025)................ 2

*Mullin v. Hyatt Residential Grp., Inc.*, 82 F. Supp. 3d 1248 (D. Colo. 2015).............................. 8

*Ray v. Spirit Airlines, Inc.,* 767 F.3d 1220 (11th Cir. 2014)......................................................... 3

*Scrushy v. Tucker*, 70 So.3d 289 (Ala. 2011) ............................................................................... 9

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) ................................................. 4

*Shorter Brothers, Inc. v. Vectus 3, Inc.*, 343 So.3d 508 (Ala. 2021) ................................ 9

*Simmons v. Clark Equip. Credit Corp.*, 554 So.2d 398 (Ala. 1989) ................................ 9

*Stortroen v. Beneficial Fin. Co. of Colorado*, 736 P.2d 391 (Colo. 1987) ...................... 8

*Taxinet Corp. v. Leon*, 114 F.4th 1212 (11th Cir. 2024) ................................................. 3

*United House of Prayer for All People v. Dist. Of Columbia Dep't of Transp.*, 285 A.3d 174

 (D.C. 2022) .................................................................................................................. 6

*United States v. Caro*, 454 F. App'x 817, 871 (11th Cir. 2012) ..................................... 7

*United Steelworkers of Am. v. Connors Steel Co.*, 855 F.2d 1499 (11th Cir. 1988) .................... 10

*Warfield v. Hall*, No. 207CV332FTM33SPC, 2010 WL 11507095 (M.D. Fla. Feb. 21, 2010) .... 5

*Wood v. Shell Oil*, 495 So.2d 1034 (Ala. 1986) ................................................................ 6

## Other Authorities

Restatement (Third) Of Agency § 1.02(b) (2006) ............................................................ 7

Restatement (Third) Of Agency § 1.02(c) (2006) ............................................................ 7

Third Restatement of Agency § 1.02 ................................................................................. 8

## Rules

Fed. R. Civ. P. 50 (b)(2) ........................................................................................... 1, 3, 11

Fed. R. Civ. P. 50 (b)(3) ........................................................................................... 1, 2, 11

Fed. R. Civ. P. 59 (a)(1) ................................................................................................ 1, 2

Fed. R. Civ. P. 59 (a)(2) ..................................................................................................... 2

## I.  INTRODUCTION

Defendant International Rights Advocates (IRAdvocates) hereby moves the Court under Fed. R. Civ. P. 50 (b)(3) for entry of judgment on Drummond's RICO claim against it.[1] IRAdvocates is entitled to judgment as a matter of law because Drummond failed to introduce any evidence showing that IRAdvocates itself engaged in any RICO predicate acts, or that Mr. Collingsworth, or anyone else, was legally authorized to engage in any RICO predicate acts on behalf of IRAdvocates. Further, Drummond failed to introduce any evidence or even present any legal theory to hold IRAdvocates vicariously liable for the acts of Mr. Collingsworth or anyone else.

In the alternative, should the Court not grant judgement for IRAdvocates as a matter of law, IRAdvocates moves for a new trial under Fed. R. Civ. P. 50 (b)(2).  Additionally, IRAdvocates and Defendant Collingsworth file concurrently herewith a Motion under Fed. R. Civ. P. 59 (a)(1)(A) for a new trial due to legal errors "for which a new trial has heretofore been granted in an action at law in federal court." The Motion alternatively seeks Remittitur under Fed. R. Civ. P. 59 (e) due to the excessive jury verdict reflecting jury prejudice and unfairness.

As an initial matter, prior to trial, Defendants Collingsworth and IRAdvocates made a motion for summary judgement to dismiss Drummond's RICO claim. *See* Doc No. 321. The Court denied the Motion. *See* Doc. No. 364. Defendants established as a matter of law that Drummond could not satisfy the required elements for their RICO claim. *See* Doc. No. 321 at 7-25. The Court's failure to dismiss the RICO case on summary judgement was legal error. To

---

[1] Defendant Collingsworth separately files concurrently herewith his Motion under Fed. R. Civ. P. 50 (b)(3) for entry of judgment on Drummond's Defamation and RICO claims against him or a new trial under Fed. R. Civ. P. 50 (b)(2).

remedy this error, the Court should now enter judgement for Defendant IRAdvocates under Fed. R. Civ. P. 50 (b)(3).

At the conclusion of Drummond's case, on December 18, 2025, Defendants Collingsworth and IRAdvocates made a timely Motion under Fed. R. Civ. P. 50 (a)(1) and (2) to dismiss Drummond's claims for Defamation and RICO as a matter of law. *See* Doc. Nos. 682 (RICO) and 1169 (Defamation).[2] The Court denied that Motion. Trial Transcript ("TTR") (Vol. XIII/12.18.25) at 2377:3-15. On January 12, 2026, after the close of evidence, Defendants renewed the Motion and the Court denied it. TTR (Vol. XX/1.12.26) at 3398:13-3399:7.

Based on Fed. R. Civ. P. 50 (b)(3), Defendant IRAdvocates hereby moves for judgment as a matter of law on Drummond's RICO claim against it. In reviewing a Motion for judgment as a matter of law under Rule 50, "the court draws all reasonable inferences in favor of the non-moving party, does not weigh the evidence or make any credibility determinations, and disregards any 'evidence that the jury need not have believed.'" *Moeinpour v. Bd. of Trs. of the Univ. of Ala.*, 762 F. Supp. 3d 1129. 1138 (N.D. Ala. 2025)(quoting *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 948 (11th Cir. 2018).

## II.  ARGUMENT - Drummond Failed to Establish that IRAdvocates Violated any of the RICO elements or Can Be Vicariously Liable for RICO Claims

Based on Fed. R. Civ. P. 50(b)(3), the RICO verdict against IRAdvocates should be vacated as a matter of law due to the complete lack of evidence of IRAdvocates' participation in any RICO "enterprise" or predicate acts. IRAdvocates cannot act on its own, and there was no evidence at trial that Mr. Collingsworth or anyone else was acting on its behalf or acted as its agent or alter ego to create vicarious liability for any RICO violations. In the alternative, based on Fed. R. Civ.

---

[2] Unless otherwise specified, record citations will be to the RICO case (No. 2:15-cv-00506) going forward.

P. 50(b)(2), a new trial should be granted on the issue of IRAdvocates' liability. Defendants raised the lack of evidence supporting Drummond's RICO claim in their initial Rule 50(a) Motion. *See* Doc. No. 682 at 8-18.

Judgment as a matter of law should be granted if evidence is not "legally sufficient" to support the jury's verdict. *Taxinet Corp. v. Leon*, 114 F.4th 1212, 1223 (11th Cir. 2024). All evidence and logical inferences are evaluated in the light most favorable to the non-moving party. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). IRAdvocates has met this burden. The total absence of any evidence pointing to IRAdvocates' direct or vicarious liability is legally insufficient to support the jury verdict, even when all inferences are drawn in favor of Drummond.

While Defendants have established that the RICO claims fail as a matter of law against both Mr. Collingsworth and IRAdvocates, see Doc. No. 682 (Defendants' Rule 50(a) Motion), this argument is particularly compelling for IRAdvocates because Drummond virtually ignored its role at trial. Drummond failed to introduce any evidence showing that IRAdvocates as an entity acting on its own behalf "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts." These are the required elements for a RICO claim, and Drummond did not even attempt to introduce evidence that IRAdvocates somehow acted to commit any of these acts. *See, e.g.*, *Ray v. Spirit Airlines, Inc.,* 767 F.3d 1220, 1224 (11th Cir. 2014).

Drummond had the burden of proof to establish each of the RICO elements by a preponderance of the evidence against IRAdvocates and it utterly failed to do so. *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 492 (1985) (confirming the burden of proof). *See also*, *Bivens Gardens Off. Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 911–12 (11th Cir.

3

1998) (evidence that is insufficient to prove the relevant predicates to the RICO claim requires a Rule 50 directed verdict in favor of the defendant). ***"Failure to present sufficient evidence on <u>any one element</u> of a RICO claim means the entire claim fails."*** *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.,* 528 F.3d 1001, 1028 (8th Cir. 2008) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985)) (emphasis added).

In its eagerness to demonize Mr. Collingsworth, Drummond completely overlooked IRAdvocates at trial. This omission is fatal to Drummond's RICO claim against IRAdvocates. Drummond spent over 15 years in the Defamation litigation and over 10 years in the RICO litigation trying to prove that Mr. Collingsworth was acting as an agent of C&S, and C&S was vicariously liable to Drummond because of Mr. Collingsworth's actions. *See, e.g.*, Doc. No. 831 (Defamation) (Drummond's Opposition to SJ) at 1-2 (Drummond's defamation claim against C&S is premised on agency relationship between Mr. Collingsworth and C&S).

Notably, as IRAdvocates, unlike C&S, did not possess deep pockets, Drummond never once in this lengthy litigation addressed IRAdvocates' role (if any) in the allegations Drummond made against Mr. Collingsworth and C&S. Drummond failed to pursue any discovery on Mr. Collingsworth's role within IRAdvocates, what his duties and constraints were as Executive Director, or whether he had authority to act on its behalf with respect to Drummond.

At trial, Drummond failed to introduce any evidence regarding IRAdvocates' legal responsibility for any of the claims made by Drummond against Mr. Collingsworth. When the jury began deliberations and noted on the verdict form the questions regarding IRAdvocates' potential RICO liability, *see* Doc. No. 706 at 1-2, it is no wonder that the jury sent out the question "when evaluating IRA who does that include?" Doc. No. 705. The Court responded to the jury that "Terry Collingsworth is the executive director of IRAdvocates." TTR (Vol. XXII) at 3424:16-3427:24.

The jury then proceeded to find IRAdvocates equally liable with Mr. Collingsworth for RICO violations. Doc. No. 706 at 1-2.

Thus, the sole basis the jury had for finding IRAdvocates liable was because Mr. Collingsworth was its Executive Director. But the jury cannot *assume* that Mr. Collingsworth was acting on IRAdvocates' behalf or that IRAdvocates is vicariously liable for Mr. Collingsworth's acts. There are well-established legal standards and pattern jury instructions that would have had to have been established with evidence for IRAdvocates to be held liable for Mr. Collingsworth's conduct, and Drummond did not request any jury instructions regarding these legal standards. Drummond surely would have proposed jury instructions if C&S was facing liability for Mr. Collingsworth's conduct, but Drummond did not bother seeking to instruct the jury on the law required to hold IRAdvocates liable.

There are three possible ways IRAdvocates could be legally liable for Mr. Collingsworth's conduct: (A) direct liability of corporate employer;  (B) vicarious liability under an agency theory; or (C) vicarious liability under an alter ego theory. Drummond did not introduce evidence on any of these legal avenues. Further, there is no question the jury was not instructed on any of them. The jury could not have properly found IRAdvocates liable for RICO violations as there was no evidence of IRAdvocates' direct or vicarious liability, and even if there was some incidental evidence in the mix, they could not have applied it to legal standards for vicarious liability on which they were not instructed.

### A. <u>Employee Liability for Corporate Employer</u>

In *Warfield v. Hall*, No. 207CV332FTM33SPC, 2010 WL 11507095 (M.D. Fla. Feb. 21, 2010), the Court applied the Eleventh Circuit Court of Appeals' "<u>Current Civil Pattern Jury Instructions</u>," Section 3.2.2, p. 39, and approved the following jury instruction:

5

The fact that a corporation is involved as a party must not affect your decision in any way. A Corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. ***When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company***.

*Id*. at *6 (emphasis added). Drummond failed to introduce any evidence of Mr. Collingsworth's employment relationship with IRAdvocates or establishing whether he was acting within the scope and duties of his employment. Further, there is no question the jury was not instructed in any way that this was the legal standard to hold IRAdvocates liable for Mr. Collingsworth's conduct.

### B. Agency Liability

The most common avenue for vicarious liability is to establish an agency relationship, as Drummond attempted for years with respect to Mr. Collingsworth and C&S. To hold IRAdvocates vicariously liable under District of Columbia law, where IRAdvocates is incorporated, Drummond would have had to provide evidence "of the parties' consent to establish a principal-agent relationship [and] that the activities of the agent are subject to the principal's control."[3] *United House of Prayer for All People v. Dist. Of Columbia Dep't of Transp.*, 285 A.3d 174, 180 (D.C. 2022) (citing *Henderson v. Charles E. Smith Mgm't, Inc.*, 567 A.2d 59, 62 (D.C. 1989)). "Relevant factors include (1) the selection and engagement of the servant, (2) the payment of wages, (3) the power to discharge, (4) the power to control the servant's conduct, (5) and whether the work is part of the regular business of the employer."

---

[3] District of Columbia law should apply because Alabama adheres to the lex loci contractus rule and applies the law of the state where the contract was formed. *Cherokee Ins. Co., Inc. v. Sanches*, 975 So.2d 287, 292 (Ala. 2007). Any putative agency relationship between Mr. Collingsworth and IRAdvocates would have been formed in the District of Columbia. Alabama law on the formation of an agency relationship is also substantially like the District of Columbia's. *See Kennedy v. W. Sizzlin Corp.*, 857 So.2d 71, 77 (Ala. 2003) ("[T]he test for determining whether an agency relationship exists is whether the alleged principal reserved a right of control over the manner of the alleged agent's performance") (citing *Wood v. Shell Oil*, 495 So.2d 1034, 1036 (Ala. 1986)).

*Jackson v. Loews Washington Cinemas, Inc.*, 944 A.2d 1088, 1097 (D.C. 2008) (citing *Judah v. Reiner*, 744 A.2d 1037, 1040 (D.C. 2000)) (quotations omitted). *See also United States v. Caro*, 454 F. App'x 817, 871 n.48 (11th Cir. 2012) (approving pattern jury instruction for agency).

The mere fact that Mr. Collingsworth held the title of "Executive Director" of IRAdvocates is not enough. The labels the parties use to describe their relationship are relevant but not dispositive. *See Henderson*, 567 A.2d at 64 (An agency relationship is not established simply because a general partner of Brandywine stated in a deposition that "CES performed all work as an agent for Brandywine") (citations omitted). Federal courts have reinforced the principle that the label, title, or formal designation of a party does not alone establish an agency relationship or agency liability. *See e.g. Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp.*, 575 F.3d 1180, 1189 (11th Cir. 2009). There, the Eleventh Circuit clarified that under the common law standard for agency, mere designation or purported labeling of an entity or person as an agent of control does not alone trigger liability without evidence of requisite control. *Id.*

Thus, establishing agency liability requires evidence of control as a question of fact regarding the nature of the relationship between alleged agent and principal, not simply a question of label or title. *Id*. at 1190. This standard is grounded in the Restatement, which provides that "[w]hether a relationship is characterized as agency in an agreement between parties or in the context of industry or popular usage is not controlling." Restatement (Third) Of Agency § 1.02(c) (2006). While the Restatement acknowledges that parties' agreements may characterize the nature of their relationship as agency, ultimately "the presence [of such statements] in an agreement is not determinative and does not preclude the relevance of other indicia of consent." *Id.* at § 1.02(b).

Evidence required to demonstrate an agency relationship can include the terms of any contract that may exist as well as the "actual course of dealings between the parties," but the terms

of the contract alone are insufficient to make this determination without also considering "other indicia of consent" or lack thereof. *See id*., § 1.02; *Legg v. Voice Media Grp.*, Inc., 20 F. Supp. 3d 1370, 1377 (S.D. Fla. 2014)(holding that while the parties' contractual language was not dispositive over whether there was sufficient control for agency liability, the language also raised an issue of fact which requires case-specific analysis to determine whether there was actual control); *In re JVJ Pharmacy Inc.*, 630 B.R. 388, 403 (S.D.N.Y. 2021)(finding that parties' label to any given relationship is not dispositive of an agency relationship, the control required to assert agency liability requires addressing "triable issues of fact"). Further, as the Second Circuit clarified, "[s]lavish deference to contractual language is inappropriate in the highly factual and often nuanced agency analysis" and courts must focus their inquiry into agency liability on the actual facts of the relationship. *Cleveland v. Caplaw Enters*., 448 F.3d 518, 523 (2d Cir. 2006).

Moreover, the label affixed to the relationship between purported agent and principal cannot *create* an agency relationship, as "it is…immaterial" that the parties' agreement or contract may have described such a relationship because agency is ultimately determined by "the facts of the relationship." *Brown v. DirecTV, LLC*, 562 F. Supp. 3d 590, 609 (C.D. Cal. 2021). Indeed, "the mere affixing of the label is of no moment" because what is critical is whether parties "materially" demonstrate their agreement to enter into an agency relation in that specific case. *Am. Fam. Mut. Ins. Co. v. Tamko Bldg. Prods., Inc.*, 178 F. Supp. 3d 1121, 1126 (D. Colo. 2016) (quoting *Mullin v. Hyatt Residential Grp., Inc.*, 82 F. Supp. 3d 1248, 1258 (D. Colo. 2015) (citing *Stortroen v. Beneficial Fin. Co. of Colorado*, 736 P.2d 391, 395 (Colo. 1987)).

At a minimum, Drummond needed to present evidence at trial showing that IRAdvocates had the right to control Mr. Collingsworth regarding the acts that form the basis of the RICO claims. *Judah*, 744 A.2d at 1040; *Henderson*, 567 A.2d at 64. Ultimately, Mr. Collingsworth's

title, standing alone, is insufficient, and in any event, Drummond failed to offer any jury instruction to allow the jury to find that Mr. Collingsworth's status as Executive Director would allow finding IRAdvocates responsible for his alleged conduct based on an agency relationship.

### C. **Alter Ego Liability**

The other common basis for vicarious liability is an alter ego relationship. To establish an alter ego relationship between Mr. Collingsworth and IRAdvocates would have required Drummond to show "that there is (1) unity of ownership and interest, and (2) use of the corporate form to perpetrate fraud or wrong." [4] *Est. of Raleigh v. Mitchell*, 947 A.2d 464, 470 (D.C. 2008) (citations omitted). Factors that show an alter ego relationship include: "(1) whether corporate formalities have been disregarded, (2) whether corporate funds and assets have been extensively intermingled with personal assets, (3) inadequate initial capitalization, and (4) fraudulent use of the corporation to protect personal business from the claims of creditors." *Id.* at 471 (citations omitted). *See also United Steelworkers of Am. v. Connors Steel Co.*, 855 F.2d 1499, 1506-07 (11th Cir. 1988) (approved jury instruction with elements for alter ego liability).

Drummond introduced no evidence of any of the indicia of a possible alter ego relationship between Mr. Collingsworth and IRAdvocates. Further, the jury was not instructed in any way as

---

[4] District of Columbia law should apply because Alabama adheres to the internal affairs doctrine, where "the law of the state of incorporation governs the internal corporate relationship." *Scrushy v. Tucker*, 70 So.3d 289, 298 (Ala. 2011). IRAdvocates is incorporated in the District of Columbia. Moreover, Alabama legal standards for alter ego are also substantially like the District of Columbia's. *See Shorter Brothers, Inc. v. Vectus 3, Inc.*, 343 So.3d 508, 514-15 (Ala. 2021) (An alter ego theory is viable where "a corporation is set up as a subterfuge, where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate bank account, where the corporation has no employees, where corporate and personal funds are intermingled and corporate funds are used for personal purposes, or where an individual drains funds from the corporation.") (citing *Simmons v. Clark Equip. Credit Corp.*, 554 So.2d 398, 400 (Ala. 1989)).

9

to the legal elements that would allow IRAdvocates to be held liable for Mr. Collingsworth's conduct based on a theory of alter ego.

### III.   CONCLUSION

For the reasons stated, IRAdvocates is entitled to judgment as a matter of law. Drummond essentially ignored IRAdvocates at trial and failed to introduce any evidence showing that IRAdvocates engaged in any RICO predicate acts. There is no question that IRAdvocates must act through a person, yet Drummond did not even attempt to show that Mr. Collingsworth, or anyone else, was legally authorized to engage in any RICO predicate acts on behalf of IRAdvocates. Further, Drummond failed to introduce any evidence or legal argument to hold IRAdvocates vicariously liable for the acts of Mr. Collingsworth or anyone else.

Based on its question to the Court and the response provided, the only way the jury could have found liability against IRAdvocates on an equal basis with Mr. Collingsworth was to have *assumed* that IRAdvocates was liable for RICO violations merely because its Executive Director, Mr. Collingsworth, had been found liable. This is not a sustainable finding without evidence, and the jury could not have properly decided legal liability questions through jury instructions that were not presented to it by Drummond. Accordingly, absent any evidence supporting a finding that IRAdvocates engaged in RICO acts and is liable to Drummond or is vicariously liable for Mr. Collingsworth's acts, the Court must enter a judgement as a matter of law under Fed. R. Civ. P. 50 (b)(3) dismissing all RICO claims against IRAdvocates. Alternatively, due to the lack of evidence against it, IRAdvocates is entitled to have the judgment vacated and a new trial ordered under Rule 50(b)(2).

10

Respectfully submitted this 27th day of April, 2026.


*/s/J  Chase Bryan*
Kenneth 0.  Simon
J. Chase Bryan *(Pro Hae Vice)*
Shauncey Hunter Ridgeway
Priscilla K. Williams
*On behalf of Defendant International Rights Advocates*


**OF COUNSEL:**
**CHRISTIAN & SMALL, LLP**
505 20th Street North, Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588


**CHRISTIAN & SMALL, LLP**
603 Duling Avenue, Suite 204
Jackson,MS   39216


The undersigned certifies that he has participated in the drafting and filing of this post-trial Motion with the attorneys at Christian & Small LLP, and that Christian & Small LLP has filed all Motions and advanced all arguments he wishes to raise, along with the factual and legal support for each such argument, as to any request for judgment as a matter of law or a new trial, or any other post-verdict relief sought.


*/s/ Terrence Collingsworth*
Terrence Collingsworth (*(Pro Hae Vice)*
**INTERNATIONAL RIGHTS ADVOCATES**
621 Maryland Ave NE
Washington, D.C. 20002
Tel: 202-543-5811
tc@iradvocates.org

11

**CERTIFICATE OF SERVICE**

The undersigned Counsel hereby certifies that on April 27, 2026, notice of the foregoing

document was provided via the CM/ECF system to the counsel of record.

*/s/ Terrence Collingsworth*
Terrence Collingsworth

12